ALEXANDRA ARAMBULA
8635 SOMERSET BLVD., APT 270
PARAMOUNT, CALIFORNIA 90723
(562) 284-3945
IN PRO PER

**F I L E D**
CLERK, U.S. DISTRICT COURT

APR 26 2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ rsm _____ DEPUTY

UNLIMITED JURISDICTION

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

**2:23-CV-03257-JGB-MAR**

| | |
|---|---|
| ALEXANDRA ARAMBULA | ) **COMPLAINT FOR VIOLATION OF** |
| | ) **PLAINTIFF'S CIVIL RIGHTS PURSUANT** |
| Defendant, | ) **TO 42 U.S.C. SECTION 1983, VIOLATION** |
| | ) **OF PLAINTIFF'S RIGHTS UNDER THE** |
| vs. | ) **14TH AMENDMENT TO THE UNITED** |
| COUNTY OF LOS ANGELES | ) **STATES FEDERAL CONSTITUTION** |
| COUNTY OF LOS ANGELES BOARD | ) |
| OF SUPERVISORS | ) |
| | ) |
| Plaintiffs | ) |
| | ) |

**JURY TRIAL DEMANDED**

JURISDICTION

1.  This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. 1331 and 1343 which provides district courts with jurisdiction over civil actions arising under the United States Constitution or laws of the United States.

2.  Venue is proper pursuant to 28 U.S.C. 1391 (b) because the events giving rise to the Allegations in this complaint occurred in the Central District of California, Western Division.

///

///

///

## FACTUAL ALLEGATIONS

The Defendants, County of Los Angeles and Board of Supervisors, violated the Constitutional and Civil Rights of Plaintiff (Alexandra Arambula) by failing to protect plaintiff from harm caused by another County employee known to have a past history of being a sexual deviant.

## FACTUAL STATEMENT

On or about May/June, 2019, Alexandra Arambula, (hereafter referred to as Plaintiff), is employed by Los Angeles County, (hereafter referred to as County) plaintiff, learned she and her family were being forced to move out of their residence and were desperately seeking a home to rent. Plaintiff came in contact with County employee Richard Gil, (hereafter referred to as Gil). Gil asked "how's it going"?, to which plaintiff recounted her family's situation. Prior to this contact, the plaintiff had never met Gil on or off the job. On or about July, 2019, Gil approached plaintiff at work and informed her that he had a vacant property at 9925 E. Pinehurst Drive, South Gate, California 90280 for rent. Gil offered to show the unit to the plaintiff. On or about August, 2019, before proceeding to the apartment, Gil invited plaintiff to a nearby restaurant. While there, plaintiff was offered an alcoholic beverage, which plaintiff refused. However, Gil insisted plaintiff have the alcoholic drink. Gil began to inquire about plaintiff's sex life which made the plaintiff feel uncomfortable. Plaintiff made several attempts to change the subject by telling Gil she was currently in a relationship. After leaving the restaurant, both proceeded to the apartment. After arriving, Gil unlocked the apartment allowing plaintiff to enter first. While plaintiff was viewing the apartment and taking pictures, Gil then came up from behind and placed his arms around plaintiff attempting to back her into him. Plaintiff then attempted to separate herself from him by going into a different area of the apartment. Gil followed her and proceeded to physically force himself upon her by touching her and groping her breasts and buttocks. Gil exposed his erect penis and began pushing plaintiff's head down towards his crotch area. Gil then attempted to force his hands down plaintiff's pants. Plaintiff made

numerous attempts imploring Gil to cease his behavior by repeatedly telling him she did not want to physically engage with him and telling him again that she had a boyfriend. Plaintiff made several attempts to separate herself from Gil only for him to become more forcefully persistent. Gil continued his aggressive behavior, even after plaintiff mentioned she was on her menstrual cycle. However, Gil continued to have physical/sexual contact with plaintiff. Gil then forced plaintiff to masturbate him. Plaintiff continued to protest that she did not want to participate, but fearing for her life, complied with Gil's demands. Under extreme duress, the plaintiff was forced into doing what Gil demanded, until Gil gave her permission to stop. Plaintiff immediately stopped stimulating his genitals, but when she did, Gil then demanded she get down on her hands and knees (being on all fours) facing away from him. Gil then pushed his erect penis against her buttocks. Fearfully, plaintiff continued to comply as instructed hoping Gil would eventually allow her to leave. Even after having been coerced and forced to commit sex acts with Gil against her will, plaintiff immediately stood up and tried leaving. Once again, Gil prevented her from leaving. Gil once again forced his arms around plaintiff and kissed her on the cheek. Plaintiff again expressed her desire to leave and Gil responded by saying words to the effect, "if you help me out, I'll help you out". Gil then said to plaintiff, "he normally rents the apartment for $1,900 a month". Eventually, plaintiff left the property. On or about August 11, 2019, Gil texted plaintiff a message in part which read "that thing I said, I was thinking with my wrong head. We good? You are an awesome woman with a good heart" (**see Exhibit I**). Plaintiff deduced his comment was to infer that his phrase "wrong head" meant the head of his penis instead of the head on his shoulders. On or about August 12, 2019, Gil brought keys to the plaintiff's work area to give to her so the plaintiff's family would have an opportunity to view the property. Later that same evening, plaintiff did in fact go to the apartment with her family. To the plaintiff's utter dismay, Gil was there at the property as well. On or about August 14, 2019, plaintiff returned the keys to Gil notifying him that she and her family were no longer interested in renting the apartment. On or about September 19, 2019, plaintiff went to the South Gate Police Department and

filed a police report (**see Exhibit A**). That same day, plaintiff reported off work, but came to Library headquarters with her mother to report the incidents which occurred at the South Gate apartment of Human Resources.

## FIRST CAUSE OF ACTION – NEGLIGENCE

1.  County of Los Angeles Board of Supervisors (hereafter referred to as County) knowingly and without regard to plaintiff's well-being, did violate plaintiff's constitutional rights that provides for the inalienable right to the guarantee of life, liberty, and the pursuit of happiness, pursuant to the 14th Amendment of the United States Constitution. (**See Exhibit B**).

2.  Plaintiff alleges that the County was grossly negligent in failing to fully enforce their explicitly state written policies put in place which provide guidelines for the behavior of the workforce, including Richard Gil (**see Exhibit C and Exhibit D**). This negligent failure ultimately led to Gil committing an illegal sexual assault upon plaintiff, violating plaintiff's Constitutional and Civil Rights, pursuant to the 14th Amendment of the United States Constitution.

3.  Plaintiff alleges that the County knowingly retained Richard Gil in the employment their service, despite repeated past violations of Countywide and Library department policies (**see Exhibit E and Exhibit F**), which ultimately led to Richard Gil being allowed to commit an illegal sexual assault upon plaintiff, in violation of plaintiff's Constitutional and Civil Rights, pursuant to the 14th Amendment of the United States Constitution.

4.  Plaintiff alleges County was grossly negligent and was fully aware of the unlawful conduct of Richard Gil who engaged in behavior that resulted in violation of plaintiff's Constitutional and Civil Rights, pursuant to the 14th Amendment of the United States Constitution, whereas Gil did commit an illegal sexual assault upon plaintiff.

5.  Plaintiff alleges County was grossly negligent in failing to adequately and appropriately supervise Gil, which allowed Gil to commit an illegal sexual assault upon plaintiff of plaintiff's

Constitutional and Civil Rights, pursuant to the 14th Amendment of the United States Constitution.

6. Plaintiff alleges County was grossly negligent by failing to impose the most stringent discipline against Gil, although the County's own Disciplinary Guidelines clearly delineated that such action be taken. The County failed to do so. (**Refer to Exhibit E, pg 5 c, 1 and Exhibit F pgs 1-9**)

7. Plaintiff alleges County was grossly negligent in allowing the egregious behavior of Gil to Continue knowing his **document history (see Exhibit G – Complaint History Search and written Reprimand**) demonstrated a high likelihood this behavior would occur again to the detriment of the public at large as well as other County employees; which ultimately did lead to Gil committing an illegal sexual assault against plaintiff in violation of plaintiff's Constitutional and Civil Rights, pursuant to the 14th Amendment of the United States Constitution.

8. Plaintiff alleges County did cause great emotional and psychological harm by negligently failing to immediately terminate the employment of Gil, which culminated in the resultant illegal sexual assault being committed against plaintiff in violation of plaintiff's Constitutional and Civil Rights, pursuant to the 14th Amendment of the United States Constitution.

## SECOND CAUSE OF ACTION – BREACH OF DUTY OF CARE

Plaintiff alleges County grossly breached its duty of care to plaintiff by failing to fully enforce their own explicit policies that sets forth their obligation to keep their workforce safe, whereas, such care was recklessly disregarded by the County resulting in a very preventable and foreseeable harm, even at the glaring admission of the County (**see Exhibit I, pgs 1-10**).

This harm did occur to plaintiff, including the illegal sexual assault by another County employee.

///

///

///

///

///

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment against Defendant on all causes of action:

1. In the amount of two million ($2,000,000.00) dollars.

2. Plaintiff demands a jury trial.

3. Any other relief this Court finds proper and just.

Date: 04/24/2023

*Alexandra Arambula*

Alexandra Arambula
Pro Se

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

# EXHIBIT

# A

10/9/2019

LASD Inmate Information Center - Booking Details



The Los Angeles County Sheriff's Department

Welcome to

# 19WHR002066

Inmate Information Center

**(The information was current as of: 10/09/2019 09:02 PST)**

| Search For Another Inmate | Back To The Search Result |

**Booking No.: 5761155**    **Last Name: GIL**    **First Name: RICHARD**    **Middle Name:**

**Sex: M**   **Race: H**   **Date Of Birth: 07/18/1973**   **Age: 46**   **Hair: BLN**   **Eyes: BRO**   **Height: 508**   **Weight: 200**

**Charge Level: F   (Felony)**

## ARREST

| | | | |
|---|---|---|---|
| Arrest Date: 09/30/2019 | Arrest Time: 2145 | Arrest Agency: 1969 | Agency Description: SOUTH GATE PD |
| Date Booked: 09/30/2019 | Time Booked: 2155 | Booking Location: 1969 | Location Description: PD - SOUTH GATE |

## BAIL

| | | |
|---|---|---|
| Total Bail Amount: 25,000.00 | Total Hold Bail Amount: 0.00 | Grand Total: 25,000.00 |

## HOUSING LOCATION

Housing Location: -

Permanent Housing Assigned Date: 09/30/2019        Assigned Time: 2155

Facility:
Address:    City:

### Schedule A Visit

*For County facility visiting hours, Please call (213) 473-6080 at Inmate Information Center.*

## COURT

| | | | |
|---|---|---|---|
| Next Court Code: DOW | Next Court Date: 10/02/2019 | Next Court Time: 0800 | Next Court Case: 9999999999 |

Court Name: DOWNEY MUNICIPAL COURT
Court Address: 7500 E. IMPERIAL HIGHWAY     Court City: DOWNEYUPT

## RELEASE

Actual Release Date: 10/01/2019        Release Time: 0114

Release Reason: BOND        Reason Description: BOND

Release Agency:     Agency Description:

## CASE INFORMATION

| Case No. | Court Name | Court Address | Court City | Bail Amt. | Fine Amt. | Court Date | Sent. Date | Sent. Day(s) | Disp Code |
|---|---|---|---|---|---|---|---|---|---|
| 99******** | | | | 25,000.00 | .00 | 10/02/2019 | | 0 | |

Click on specific Case No. for detailed information.

# SOUTH GATE POLICE

## INCIDENT REPORT

**REPORT NUMBER** 1909528

PAGE 1 OF 4

| DATE REPORTED 09/19/2019 | TIME 0030 | DAY OF WEEK THURSDAY | OCCUR DATE 08/09/2019 | TIME FROM 1400 | OCCUR DATE 08/09/2019 | TIME TO 1500 | LOCATION OF OCCURRENCE 9925 PINEHURST AV |
|---|---|---|---|---|---|---|---|

| OFFENSE 1 PC 243.4(a) | CHARGE TYPE SEXUAL BATTERY | ☐ ATTEMPT | ☐ DOMESTIC VIOLENCE | CLASS 11 | COUNTS PERSON | CITY SOUTH GATE | SG |
|---|---|---|---|---|---|---|---|
| OFFENSE 2 | CHARGE TYPE | ☐ ATTEMPT | ☐ DOMESTIC VIOLENCE | CLASS | COUNTS | TYPE OF PREMISES OR LOCATION | |
| OFFENSE 3 | CHARGE TYPE | ☐ ATTEMPT | ☐ DOMESTIC VIOLENCE | CLASS | COUNTS | 03 APARTMENT (4/MORE) | |

| AREA 2 | BEAT 1 | JUVENILE NO | GANG NO | BIAS 77 |
|---|---|---|---|---|

## PERSONS

| INVOLV V | No 1 | LAST OR BUSINESS NAME ARAMBULA | FIRST ALEXANDRA | MIDDLE MADONNA | D.O.B. 12/27/1993 | AGE 25 | RACE H | SEX F | HGT 5'4 | WGT 115 | DL NUMBER D9940806 | ST |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

| RESIDENCE – NO. AND STREET 15355 WOODRUFF PLACE | ☐ NONE | CITY BELLFLOWER | STATE CA | ZIP 90706 | Email: alexandraarambula@gmail.com | RES PHONE (562)688-4836 |
|---|---|---|---|---|---|---|
| BUSINESS or SCHOOL ADDRESS 7400 EAST IMPERIAL HWY | ☐ UNEMPLOYED | CITY DOWNEY | STATE CA | ZIP 90242 | BUSINESS or SCHOOL NAME LOS ANGELES COUNTY LIBRAR | BUS PHONE (562)940-8565 |
| LANG 1 | RELATION TO SUSPECT 09 Co-Worker | | ADDITIONAL INFORMATION | | OCCUPATION | OTHER. PHONE |

| INJURY TYPE N NO INJURY | DESCRIPTION OF INJURY NONE | INJURY CAUSED BY (WEAPON) 14 Personal Weapons | TREATMENT 7 Not Applicable |
|---|---|---|---|

| INVOLV | No | LAST OR BUSINESS NAME | FIRST | MIDDLE | D.O.B. | AGE | RACE | SEX | HGT | WGT | DL NUMBER | ST |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

| RESIDENCE – NO. AND STREET | ☐ NONE | CITY | STATE ZIP | Email: | RES PHONE |
|---|---|---|---|---|---|
| BUSINESS or SCHOOL ADDRESS | ☐ UNEMPLOYED | CITY | STATE ZIP | BUSINESS or SCHOOL NAME | BUS PHONE |
| LANG | RELATION TO SUSPECT | | ADDITIONAL INFORMATION | OCCUPATION | OTHER. PHONE |

| INJURY TYPE | DESCRIPTION OF INJURY | INJURY CAUSED BY (WEAPON) | TREATMENT |
|---|---|---|---|

| INVOLV | No | LAST OR BUSINESS NAME | FIRST | MIDDLE | D.O.B. | AGE | RACE | SEX | HGT | WGT | DL NUMBER | ST |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

| RESIDENCE – NO. AND STREET | ☐ NONE | CITY | STATE ZIP | Email: | RES PHONE |
|---|---|---|---|---|---|
| BUSINESS or SCHOOL ADDRESS | ☐ UNEMPLOYED | CITY | STATE ZIP | BUSINESS or SCHOOL NAME | BUS PHONE |
| LANG | RELATION TO SUSPECT | | ADDITIONAL INFORMATION | OCCUPATION | OTHER. PHONE |

| INJURY TYPE | DESCRIPTION OF INJURY | INJURY CAUSED BY (WEAPON) | TREATMENT |
|---|---|---|---|

## SUSPECTS

| INVOLV S | No 1 | LAST OR BUSINESS NAME GIL | FIRST RICHARD | MIDDLE | DOB | AGE 40 | RACE H | SEX M | HGT 5'6 | WGT 200 | HAIR | EYES | SSN |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| RESIDENCE - NO. AND STREET 8447 OTIS STREET | ☐ NONE | CITY SOUTH GATE | STATE CA | ZIP 90280 | DRIVER'S LICENSE | ST | RES PHONE: |
|---|---|---|---|---|---|---|---|
| BUSINESS or SCHOOL ADDRESS 7400 EAST IMPERIAL HWY | ☐ UNEMPLOYED | CITY DOWEY | STATE CA | ZIP 90242 | BUSINESS or SCHOOL NAME LOS ANGELES COUNTY LIBRA | BUS PHONE: |
| LOCAL BOOKING NO | STATE ID | COUNTY ID | CHARGES | OCCUPATION ☐ UNEMPLOYED | OTHER PHONE |
| AKAS/ MONIKERS | | SCARS/ MARKS/ TATTOOS | | MOST SEVERE WEAPON USED 14 Personal Weapons | |

| INVOLV | No | LAST OR BUSINESS NAME | FIRST | MIDDLE | DOB | AGE | RACE | SEX | HGT | WGT | HAIR | EYES | SSN |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| RESIDENCE - NO. AND STREET | ☐ NONE | CITY | STATE ZIP | DRIVER'S LICENSE | ST | RES PHONE: |
|---|---|---|---|---|---|---|
| BUSINESS or SCHOOL ADDRESS | ☐ UNEMPLOYED | CITY | STATE ZIP | BUSINESS or SCHOOL NAME | BUS PHONE: |
| LOCAL BOOKING NO | STATE ID | COUNTY ID | CHARGES | OCCUPATION ☐ UNEMPLOYED | OTHER PHONE |
| AKAS/ MONIKERS | | SCARS/ MARKS/ TATTOOS | | MOST SEVERE WEAPON USED | |

| INVOLV | No | LAST OR BUSINESS NAME | FIRST | MIDDLE | DOB | AGE | RACE | SEX | HGT | WGT | HAIR | EYES | SSN |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| RESIDENCE - NO. AND STREET | ☐ NONE | CITY | STATE ZIP | DRIVER'S LICENSE | ST | RES PHONE: |
|---|---|---|---|---|---|---|
| BUSINESS or SCHOOL ADDRESS | ☐ UNEMPLOYED | CITY | STATE ZIP | BUSINESS or SCHOOL NAME | BUS PHONE: |
| LOCAL BOOKING NO | STATE ID | COUNTY ID | CHARGES | OCCUPATION ☐ UNEMPLOYED | OTHER PHONE |
| AKAS/ MONIKERS | | SCARS/ MARKS/ TATTOOS | | MOST SEVERE WEAPON USED | |

| OFFICER 1: 10234 SOTO, MICHELLE JENNIFI | OFFICER 2: 10059 AUSTIN | SUPERVISOR: 10038 J. SEKIYA | 09/19/2019 |
|---|---|---|---|

This copy is furnished to Alexandra Arambula for exclusive use. It is not to be reproduced or released to any other person or agency except as authorized by law. SGPD 03/12/2014

# SOUTH GATE POLICE

### INCIDENT REPORT (continued)

## VEHICLES

| DISPOSITION | TYPE | LICENSE PLATE | ST | VEHICLE IDENTIFICATION NUMBER | COLOR / COLOR | YEAR | MAKE | MODEL | BODY |
|---|---|---|---|---|---|---|---|---|---|

| PARTY: | ☐ LEGAL OWNER OFFENSE NO: ☐ REGISTERED | ADDITIONAL INFORMATION | TOW COMPANY |
|---|---|---|---|

| LOCATION | AGENCY | DATE | VALUE |
|---|---|---|---|

| LOCATION RECOVERED | AGENCY | DATE | AFTER VALUE |
|---|---|---|---|

| DISPOSITION | TYPE | LICENSE PLATE | ST | VEHICLE IDENTIFICATION NUMBER | COLOR / COLOR | YEAR | MAKE | MODEL | BODY |
|---|---|---|---|---|---|---|---|---|---|

| PARTY | ☐ LEGAL OWNER OFFENSE NO ☐ REGISTERED | ADDITIONAL INFORMATION | TOW COMPANY |
|---|---|---|---|

| LOCATION | AGENCY | DATE | VALUE |
|---|---|---|---|

| LOCATION RECOVERED | AGENCY | DATE | AFTER VALUE |
|---|---|---|---|

| DISPOSITION | TYPE | LICENSE PLATE | ST | VEHICLE IDENTIFICATION NUMBER | COLOR / COLOR | YEAR | MAKE | MODEL | BODY |
|---|---|---|---|---|---|---|---|---|---|

| PARTY | ☐ LEGAL OWNER OFFENSE NO ☐ REGISTERED | ADDITIONAL INFORMATION | TOW COMPANY |
|---|---|---|---|

| LOCATION | AGENCY | DATE | VALUE |
|---|---|---|---|

| LOCATION RECOVERED | AGENCY | DATE | AFTER VALUE |
|---|---|---|---|

## PROPERTY

| INVOLVE | TYPE | ITEM/ BRAND | QTY | MODEL | SERIAL NUMBER/ID |
|---|---|---|---|---|---|

| PARTY | OFFENSE NO | DESCRIPTION |
|---|---|---|

| LOCATION | AGENCY | DATE | VALUE |
|---|---|---|---|

| LOCATION RECOVERED | AGENCY | DATE | AFTER VALUE |
|---|---|---|---|

| INVOLVE | TYPE | ITEM/ BRAND | QTY | MODEL | SERIAL NUMBER/ID |
|---|---|---|---|---|---|

| PARTY | OFFENSE NO | DESCRIPTION |
|---|---|---|

| LOCATION | AGENCY | DATE | VALUE |
|---|---|---|---|

| LOCATION RECOVERED | AGENCY | DATE | AFTER VALUE |
|---|---|---|---|

| INVOLVE | TYPE | ITEM/ BRAND | QTY | MODEL | SERIAL NUMBER/ID |
|---|---|---|---|---|---|

| PARTY | OFFENSE NO | DESCRIPTION |
|---|---|---|

| LOCATION | AGENCY | DATE | VALUE |
|---|---|---|---|

| LOCATION RECOVERED | AGENCY | DATE | AFTER VALUE |
|---|---|---|---|

| PROPERTY TOTALS | STOLEN: | RECOVER: | LOST: | FOUND: |
|---|---|---|---|---|
| BURNED: | COUNTERFEIT: | DAMAGED: | SEIZED: | EMBEZZLED: |

| CRIME METHOD: | ENTRY POINT: | ENTRY METHOD: | PREMISES ENTERED: |
|---|---|---|---|

## SUMMARY

SEE NARRATIVE

This copy is furnished to Alexandra Arambula for exclusive use. It is not to be reproduced or release to any other person or agency except as authorized by law SGPD 03/12/20 20146

| COPIES: | | REPORT STATUS: 8 | CASE PENDING UNCLEARED | |
|---|---|---|---|---|
| DOMESTIC VIOLENCE VICTIM FORM? ☐ YES ☐ NO | VICTIM RIGHTS FORM? ☐ YES ☐ NO | | | |
| OFFICER 1: 10234 09/19/2019 **SOTO, MICHELLE JENNIFE** | OFFICER 2: 10059 **AUSTIN** | | SUPERVISOR: 10038 J. SEKIYA | 09/19/2019 |

SNIR v2.7.2

## SOUTH GATE POLICE

NARRATIVE                    INCIDENT REPORT (continued)

REPORT NUMBER
**1909528**
PAGE 3 OF 4

On Wednesday, September 18, 2019, at approximately 2332 hours, FTO Austin #10059 and I, Officer Soto #10234, received a call regarding a 243 PC (Sexual Battery investigation) at 8620 California Ave, South Gate Police Department.

Upon arrival, FTO Austin and I located and contacted the victim, later identified as Alexandra Arambula who stated the following.

V-Arambula stated that she works at the Los Angeles County Library Headquarters, located at 7400 East. Imperial Hwy, in the city of Downey. V-Arambula said that she and her family were looking for a new place to live. V-Arambula said that her coworker, later identified as suspect Richard Gil, approached her and told her that he had an apartment (9925 Pinehurst Ave Apt C on the second floor) available for her to rent. V-Arambula said that they both made an agreement to meet to see the apartment.

V-Arambula stated that on August 9, 2019, at approximately 1400 hours, she met with S-Gil at 9925 Pinehurst Ave to see the apartment. V-Arambula further indicated that they both went inside the apartment and he gave her a tour. V-Arambula said that they later left the apartment to go out for lunch. V-Arambula stated that both her and S-Gil returned to the apartment about an hour later (1500 hours) and she started taking pictures of the inside of the apartment. As V-Arambula was taking pictures of the living room, she said that S-Gil wrapped his arms around her chest and pulled her back towards his crotch area. V-Arambula stated that she moved forward and walked away towards the bedroom to get away from S-Gil. V-Arambula further stated that S-Gil followed her to the bedroom. V-Arambula said that he then put both of his hands under her shirt and touched her breasts. It should be noted that V-Arambula said that his hands were touching her breasts for approximately 30 seconds to 1 minute. V-Arambula stated that S-Gil took his hands out from under her shirt, put his hands on her shoulder and tried to force her down to her knees. V-Arambula said that she resisted by staying on her feet. V-Arambula further indicated that S-Gil then pulled his shorts down (to his knees) and his penis was fully erected at that point. V-Arambula said that S-Gil grabbed her hand and forced her to grab his penis. V-Arambula further stated that S-Gil said, "If you continue, you will make me cum or you could stop." V-Arambula indicated that she moved her hand away from his penis. V-Arambula said that S-Gil told her to bend down and get on her hands and knees. V-Arambula indicated that she complied to his request because she was scared. V-Arambula said that she then felt S-Gil press his penis against her butt over her clothes. It should be noted that V-Arambula was not sure if his penis was still outside of his shorts or not. V-Arambula said that she then quickly stood up. V-Arambula further stated that S-Gil wrapped his arms around her chest and kissed her cheek. V-Arambula said that S-Gil said, "You are beautiful." V-Arambula said that she then quickly left the apartment in fear of what S-Gil had done to her.

This copy is furnished to Alexandra Arambula for exclusive use. It is not to be reproduced or release to any other person or agency except as authorized by law. SGPD 03/12/20 20146

| OFFICER 1 : 10234 | OFFICER 2 : 10059 | SUPERVISOR : | |
|---|---|---|---|
| 09/19/2019 SOTO, MICHELLE JENNIFE | AUSTIN | 10038 J. SEKIYA | 09/19/2019 |

# SOUTH GATE POLICE

NARRATIVE                           INCIDENT REPORT (continued)

REPORT NUMBER
**1909528**
PAGE 4   OF 4

V-Arambula stated that she had not seen S-Gil until yesterday (September 17, 2019 at approximately 1030 hours) at work and she began to have "flashbacks" of the incident. V-Arambula told her parents about the incident and her parents advised her to come to the South Gate Police Station to report it.

V-Arambula described S-Gil by name, Richard Gil, as male Hispanic, 5'6", 200, approximately 40 years of age, wearing a gray tank top, and blue jean shorts at the time of the incident. V-Arambula is desirous of prosecution.

V-Arambula provided us with a picture of S-Gil's license plate number (DURRTY). FTO Austin and I used our resources to check the status of the license plate and the license plate owner is registered to suspect Richard Gil, who's address is 8447 Otis Street, South Gate.

FTO Austin and I gave her a South Gate Police Department Assault Survivor Form. She signed the form and FTO Austin and I attached the form to the crime report.

This copy is furnished to Alexandra Arambula for exclusive use. It is not to be reproduced or release to any other person or agency except as authorized by law. SGRD 03/12/20 20146

| OFFICER 1 : 10234 | OFFICER 2 : 10059 | SUPERVISOR : | |
|---|---|---|---|
| 09/19/2019  SOTO, MICHELLE JENNIFE | AUSTIN | 10038  J. SEKIYA | 09/19/2019 |

# EXHIBIT

# B

9.010 - Equal Employment Opportunity Non-Discrimination Policy Statement And Poster

Effective Date: 06/28/94

### (See also 3.060)
### PURPOSE

Communicates to all County of Los Angeles employees, applicants for employment, and the community the Board's commitment to equal employment opportunity and non-discrimination in the County workforce for all qualified persons, regardless of age (40 and over); ancestry; color; ethnicity; religious creed (including religious dress and grooming practices); denial of family and medical care leave; disability (including mental and physical disability); marital status; medical condition (cancer and genetic characteristics); genetic information; military and veteran status; national origin (including language use restrictions); race; sex (including pregnancy, childbirth, breastfeeding, and medical conditions related to pregnancy, childbirth, or breastfeeding); gender; gender identity; gender expression; sexual orientation; and any other characteristic protected by state or federal employment law.

### REFERENCE

June 21, 1994 Board Order, Synopsis 12

June 28, 1994 Board Order (Re-adopted) Synopsis 109

August 2, 1994 Office of Affirmative Action Compliance memo, " Board Policy - Equal Employment Opportunity and Non-Discrimination "

Los Angeles County Code, Chapter 5.08 - Equal Employment Opportunity Program

Los Angeles County Code, Chapter 5.09 - Policy of Equity

Civil Rights Act of 1964 , as amended

Americans with Disabilities Act of 1990 , as amended

California Fair Employment and Housing Act

August 2018 Revised Non-Discrimination Policy Statement and Poster

December 4, 2018 Board Order No. 20

### POLICY

It is the policy of the County of Los Angeles to post a document in all departmental offices which consists of a policy statement and poster that declares the Board's intention to hold all County employees responsible for creating a non-discriminatory work environment. Our commitment includes ensuring a non-discriminatory, inclusive workplace and environment where all employees, volunteers, interns, vendors, contractors, and constituents are valued. Every County of Los Angeles employee, and every person engaged in business with or on behalf of the County, has an ongoing responsibility to create a non-discriminatory work environment through their personal conduct. The Board of Supervisors expects each department head, manager, and supervisor to ensure compliance with this policy.

### RESPONSIBLE DEPARTMENT

Department of Human Resources

# EXHIBIT

# C



**LISA M. GARRETT**
DIRECTOR OF PERSONNEL

# COUNTY OF LOS ANGELES
# DEPARTMENT OF HUMAN RESOURCES

HEADQUARTERS
579 KENNETH HAHN HALL OF ADMINISTRATION • LOS ANGELES, CALIFORNIA 90012
(213) 974-2406    FAX (213) 621-0387

BRANCH OFFICE
3333 WILSHIRE BOULEVARD • LOS ANGELES, CALIFORNIA 90010
(213) 738-2211    FAX (213) 365-2080

December 21, 2017

To:         All Department Heads

From:       Lisa M. Garrett
            Director of Personnel

Subject:    **COURTESY AND RESPECT IN THE WORKPLACE
            POLICY, PROCEDURE, AND GUIDELINE NO. 809**

Attached is the recently created Countywide Policy, Procedure, and Guideline (PPG) 809, entitled *Courtesy and Respect in the Workplace*. In collaboration with the Chief Executive Office Employee Relations Division and with input from departments, the Department of Human Resources (DHR) developed this policy to promote and foster dignity and professionalism in the workplace for all members of our workforce.

The new policy is intended to support the County's commitment to providing employees a healthy and professional work environment and highlights the value the County places on courtesy and respect in the workplace.  The policy provides departments with guidelines on behavior that may constitute abusive conduct and establishes a reporting procedure to help effectively resolve related issues that if not properly addressed can disrupt the workplace and possibly subject the department and County to liability.

Your Departmental Human Resources Manager will receive training on the policy and be provided with a copy of this memorandum for inclusion in your PPG Manual and distribution to the employees in your department.  The policy may also be found on the DHR website at http://dhr.mylacounty.info/.

Should you have questions, please contact me at (213) 974-2406 or your staff may contact Marisa Lopez, Senior Human Resources Manager, at (213) 351-8945.

LMG:EP:JAWT
ML:DMM:rp

Attachment

c:  Chief Deputies
    Administrative Deputies
    Departmental Human Resources Managers

HRDS\PPG-related\PPGs\PPG 809\LMG Memo to All DHs Re PPG 809 12 21 17

*To Enrich Lives Through Effective and Caring Service*



*County of Los Angeles*
*Department of Human Resources*
**POLICIES, PROCEDURES AND GUIDELINES**

| Subject: | Policy Number: | Pages: |
|---|---|---|
| **COURTESY AND RESPECT IN THE WORKPLACE** | 809 | 4 |
| | Effective Date: 12/21/2017 | |
| | Approved By: | |

## PURPOSE

The County of Los Angeles is committed to providing all employees a healthy, respectful, courteous and safe work environment. This policy is to communicate to all County personnel that any form of abusive conduct in the workplace is unacceptable.

## POLICY

The County will not tolerate any form of abusive conduct in the workplace, whether verbal or written (e.g., via e-mail, cyberbullying). This policy applies during work hours, at work-related or sponsored functions, while traveling on work-related business, and to off-duty conduct that adversely impacts or has a job nexus to the workplace. Violation of this policy may result in discipline up to and including discharge.

Abusive conduct in the workplace is different from workplace unlawful harassment, discrimination, retaliation, and inappropriate conduct towards others based on a protected status as defined by the County's Policy of Equity.

## GUIDELINES

"Abusive conduct" means conduct of an employee in the workplace with malice, that a reasonable person would find hostile, offensive, and unrelated to an employer's legitimate business interests. Abusive conduct may include repeated infliction of verbal abuse, such as the use of derogatory remarks, insults, epithets, as well as verbal or physical conduct that a reasonable person would find threatening, intimidating, or humiliating, or the gratuitous sabotage or undermining of a person's work performance. A single act shall not constitute abusive conduct, unless it is severe and egregious. Abusive conduct is usually carried out by an individual, but can also occur as a result of inappropriate group behavior against one or more individuals.

| Subject: | Policy Number: | Pages: |
| --- | --- | --- |
| **COURTESY AND RESPECT IN THE WORKPLACE** | **809** | **4** |
| | Effective Date: **12/21/2017** | |

Abusive conduct in the workplace can involve misapplication or misuse of authority, which undermines an employee's right to work with dignity and respect. Employees who witness abusive conduct can also have their attitudes and work performance negatively affected. Abusive conduct is unacceptable behavior because it breaches principles of professionalism, respect, and fairness, and it frequently represents an abuse of power or authority.

Mobbing is a particular type of abusive conduct carried out by a group rather than by an individual. Mobbing is the social isolation of a person through collective unjustified accusations, humiliation, general harassment, or emotional abuse.

## REPORTING PROCEDURE

Any employee, including supervisors and managers, who feels he or she has been subjected or is witness to abusive conduct or has received a report of abusive conduct, is encouraged to immediately report the incident verbally and/or in writing to:

- His or her supervisor; or
- Any departmental supervisor or manager; or
- The department's human resources division.

Supervisors and managers who receive complaints or reports of abusive conduct in the workplace should immediately report the incident in writing to the department's human resources division.

No employee will be subjected to an adverse employment action for submitting a complaint regarding conduct that potentially violates this policy, or for cooperating in any administrative investigation or otherwise preventing prohibited practices under this policy. The County will take corrective administrative action to prevent retaliation, including the imposition of appropriate discipline to any County employee who engages in retaliation.

## RESPONSIBILITIES

Employees:

- Comply with this policy; and
- Report incidents of abusive conduct, either as a victim or a witness, to the supervisor or manager or to the department's human resources division.

2

| Subject: | Policy Number: | Pages: |
|---|---|---|
| **COURTESY AND RESPECT IN THE WORKPLACE** | **809** | **4** |
| | **Effective Date:** **12/21/2017** | |

Managers and supervisors:

- Ensure that all employees are aware of the policy against abusive conduct in the workplace and familiar with reporting procedures;

- Monitor the work environment to ensure that any incident of abusive conduct in the workplace is investigated regardless of whether a complaint of abusive conduct has been received;

- Provide leadership and act as a role-model by demonstrating appropriate professional behavior;

- Immediately stop conduct that potentially violates this policy and take immediate administrative action to terminate such conduct; and

- Report incidents of abusive conduct in the workplace to the department's human resources division.

## AUTHORITY

- Countywide Policies, Procedures, and Guidelines (http://dhr.mylacounty.info/PPG.asp):
  - PPG 512: Professional Appearance in the Workplace
  - PPG 620: Violence in the Workplace
  - PPG 810: Ordered Absence from Regular Work Location
  - PPG 812: County Policy of Equity
  - PPG 910: Employees' Cooperation in the Administrative Investigation Process
  - PPG 1040: Countywide Policy and Disciplinary Guidelines on Abuse of Telecommunications Equipment and Services
  - PPG 1041: Countywide Policy and Disciplinary Guidelines on Inappropriate Employee Conduct Toward Members of the Public
  - PPG 1042: Countywide Policy and Disciplinary Guidelines on Inappropriate Employee Conduct of a Sexual Nature Toward or in the Presence of Members of the Public
- County of Los Angeles Employee Handbook
- Countywide Discipline Guidelines

3

| Subject: | Policy Number: | Pages: |
|---|---|---|
| **COURTESY AND RESPECT IN THE WORKPLACE** | **809** | **4** |
| | **Effective Date:** 12/21/2017 | |

- Board of Supervisors (BOS) Policy Manual # 6.101
- BOS Policy Manual # 6.104
- BOS Policy Manual # 6.105
- BOS Policy Manual # 9.020
- California Government Code 12950.1(b)

## DATE ISSUED/REVIEW DATE

Original Issue Date: 12/21/2017

# EXHIBIT

# D

9.015 - County Policy of Equity

Effective Date: 07/01/11

## PURPOSE

This Policy is intended to preserve the dignity, respect, and professionalism of the workplace as well as to protect the right of employees to be free from discrimination, sexual harassment, harassment (other than sexual), retaliation and inappropriate conduct toward others based on a state or federal protected characteristic.

Further, the County will not tolerate retaliation for filing a complaint under the Policy or similar state or federal law, for participating in an administrative investigation or proceeding under the Policy, for performing duties under the Policy, or for otherwise opposing conduct prohibited by the Policy.

As a preventive measure, the County will not tolerate inappropriate conduct toward others based on a protected characteristic even if the conduct does not meet the Policy definition of discrimination, retaliation, sexual harassment, or harassment.

Inappropriate conduct toward others, discrimination, sexual harassment, harassment (other than sexual), and retaliation are contrary to the values of the County of Los Angeles. As such, all members of the County workforce are responsible for conducting themselves in accordance with this Policy and its associated Procedures.

Violation of the Policy and/or Procedures will lead to prompt and appropriate administrative action including, but not limited to, counseling, training, written warning, written reprimand, suspension, demotion, or discharge.

Managers, supervisors, co-workers, and third-parties are prohibited from engaging in unlawful behavior under the Fair Employment and Housing Act.

## REFERENCE

May 31, 2011 , Chief Executive Office and Executive Office, Board of Supervisors: Approval of County of Los Angeles Policy of Equity

County of Los Angeles Policy of Equity, July 1, 2011

Department of Human Resources, Policies, Procedures and Guidelines Number 910 , Employees Cooperation in the Administrative Investigations Process

Los Angeles County Code Chapter 5.09 , Policy of Equity

June 6, 2017, Board Order No. 8

Department of Human Resources, Policies, Procedures and Guidelines Number 812, County Policy of Equity

June 25, 2019, Board Order No. 18

## POLICY

THE POLICY

All members of the Los Angeles County (County) workforce are required to conduct themselves in accordance with the entirety of this County Policy of Equity (Policy), and all applicable local, county, state, and federal laws.

COUNTY POLICY OF EQUITY: PROHIBITED CONDUCT

All members of the County workforce are responsible for understanding and abiding by these definitions of prohibited conduct.

COUNTY POLICY OF EQUITY: PROTECTED CHARACTERISTICS

| Age (40 and over) | Ancestry | Color |
|---|---|---|
| Ethnicity | Religious Creed (including religious dress and grooming practices) | Denial of family and medical care leave |
| Disability (including mental and physical disability) | Marital Status | Medical Condition (cancer and genetic characteristics) |
| Genetic Information | Military and Veteran Status | National Origin (including language use restrictions) |
| Race | Sex (including pregnancy, childbirth, breastfeeding, and medical conditions related to pregnancy, childbirth, or breastfeeding) | Gender |
| Gender Identity | Gender Expression | Sexual Orientation |
| Any Other Characteristic Protected by State or Federal Law | | |

SCOPE OF COVERAGE

County Workforce : For purposes of this Policy, County Workforce includes but is not limited to County employees, Commissioners, contractors, applicants for employment, unpaid volunteers and interns, and persons providing services pursuant to a contract. Complaints raised by members of the public, patrons, or otherwise not members of the County workforce may be investigated under the Policy in appropriate circumstances.

Location : This Policy prohibits discrimination, unlawful harassment, retaliation, and inappropriate conduct toward others based on a protected status, whether in the workplace or in an environment with a nexus to the workplace.

Communication System/Equipment : This Policy also applies to the use of any communication system or equipment in the workplace, including but not limited to, electronic mail, internet, intranet, telephone lines, computers, facsimile machines, voicemail, radio, cell phones, and mobile digital terminals.

COUNTY POLICY OF EQUITY: DISCRIMINATION

Discrimination is the disparate or adverse treatment of an individual (based on or because of any of the protected characteristics as delineated in this Policy).

COUNTY POLICY OF EQUITY: HARASSMENT (OTHER THAN SEXUAL)

Harassment is conduct which has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, offensive, or abusive work environment (based on or because of any of the protected characteristics delineated in this Policy).

COUNTY POLICY OF EQUITY: INAPPROPRIATE CONDUCT TOWARD OTHERS

Inappropriate conduct toward others is any physical, verbal, or visual conduct (based on or because of any of the protected characteristics delineated in this Policy) when such conduct reasonably would be considered inappropriate for the workplace.

This provision is intended to stop inappropriate conduct based on a protected characteristic before it becomes discrimination, sexual harassment, retaliation, or harassment under the Policy.

As such, the conduct need not meet legally actionable state and/or federal standards to violate this Policy. An isolated derogatory comment, joke, racial slur, sexual innuendo, etc., **may** constitute conduct that violates this policy. Similarly, the conduct need not be unwelcome to the party against whom it is directed; if the conduct reasonably would be considered inappropriate by the County for the workplace, it **may** violate this Policy.

COUNTY POLICY OF EQUITY: SEXUAL HARASSMENT

Sexual harassment includes, but is not limited to, unwelcome sexual advances, requests for sexual favors, and other verbal, visual or physical conduct of a sexual nature which meets any one of the following criteria:

- Submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment;

- Submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual; or

- Such conduct has the purpose or effect of unreasonably interfering with the individual's employment or creating an intimidating, hostile, offensive, or abusive working environment, and a reasonable person subjected to the conduct would find that the harassment so altered working conditions as to make it more difficult to do the job.

COUNTY POLICY OF EQUITY: THIRD-PERSON HARASSMENT

Third-person harassment is indirect harassment of a bystander, even if the person engaging in the conduct is unaware of the presence of the bystander. When an individual engages in potentially harassing behavior, he or she assumes the risk that someone may pass by or otherwise witness the behavior. The County considers this to be the same as directing the harassment toward that individual.

COUNTY POLICY OF EQUITY: RETALIATION

This Policy prohibits retaliation. Retaliation for the purposes of this Policy is an adverse employment action against another for: 1) reporting a protected incident; 2) filing a complaint of conduct or opposing conduct that violates this Policy or related State or Federal law; or 3) participating in an investigation,

administrative proceeding or otherwise exercising their rights or performing their duties under this Policy or related State or Federal law.

COUNTY POLICY OF EQUITY: DUTIES OF SUPERVISORS AND MANAGERS

Supervisors and managers have an affirmative duty to report potential violations of this Policy to the County Intake Specialist Unit (CISU). Supervisors and managers also have additional duties and responsibilities as detailed in the procedures associated with this Policy.

Supervisors and managers, for purposes of the Policy include: any member of the County workforce regardless of job description or title, having authority, in the interest of the employer, to hire, transfer, suspend, layoff, recall, promote, discharge, assign, reward, or discipline other employees, or responsibility to direct them, or to adjust their grievances, or effectively to recommend such action, if, in connection with the foregoing, the exercise of this authority is not of a merely routine or clerical nature, but requires the use of independent judgment.

Duty of All Supervisors and Managers to Report

Supervisors and managers have an affirmative duty to report potential violations of the Policy. Supervisors and managers are required to report potential violations of the Policy to the CISU as provided below **even when a complaining or reporting party requests that no action be taken**. The supervisor or manager shall:

- Immediately notify the CISU of the incident(s) or complaint and any initial steps taken by the supervisor or manager; and

- Complete a County Policy of Equity Report/Notification form ("CPOE Report Form") with the CISU.
  - The CISU encourages the filing of CPOE Report forms via website at https://ceop.lacounty.gov .

Additional Duties of All Supervisors and Managers

Supervisors and managers are also responsible for:

- Being aware of, abiding by and understanding the Policy and Procedures, as well as any modifications that may be made to them;

- Actively monitoring the work environment to ensure that conduct that potentially violates the County Policy of Equity is not occurring;

- Informing County workforce members under their supervision of the types of behavior prohibited, and the County's procedures for reporting and resolving complaints arising under the Policy;

- Stopping conduct that potentially violates the Policy and taking immediate and appropriate administrative action whether or not the involved County employees are within their line of supervision; and

- If a situation requires separation of the involved parties, particular care must be taken to avoid actions that appear to punish the complaining party. (Note: Supervisors are not required to place themselves in physical harm's way to separate the parties.)

Supervisors and managers have the foregoing duties whether or not a complaint has been made.

Additional Duties of Department Heads

In addition to the duties described above, Department Heads have the following duties:

- Ensuring that the Policy is disseminated to every employee in the Department; and

- Ensuring that each County workforce member is provided access to a computer capable of utilizing the County's online CPOE reporting portal, and reasonable time to make use of the portal or file a CPOE Report form, and ensuring that blank CPOE Report forms are maintained in a prominent and accessible place in every Department Unit. It is the further duty of the Department Head to ensure that the location, availability, and purpose of the computer portal and the CPOE Report forms are made known to each department member.

## COUNTY POLICY OF EQUITY: DUTY TO COOPERATE

All County employees are responsible for cooperating fully in any administrative investigation related to this Policy in accordance with County Policies, Procedures, and Guidelines (PPG) 910.

## EXAMPLES OF CONDUCT THAT MAY VIOLATE THIS POLICY

Depending on the facts and circumstances, below are examples of conduct that may violate this Policy. Please be advised that this list is not exhaustive:

- Posting, sending, forwarding, soliciting or displaying in the workplace any materials, documents or images that are, including but not limited to, sexually suggestive, racist;

- Verbal conduct such as whistling and cat calls, using or making lewd or derogatory noises or making graphic comments about another's body, or participating in discussions about sexual experiences and/or desires;

- Verbal conduct such as using sexually, racially or ethnically degrading words or names, using or making racial or ethnic epithets, slurs, or jokes;

- Verbal conduct such as comments or gestures about a person's physical appearance which have a racial, sexual, disability-related, religious, age or ethnic connotation or derogatory comments about religious differences and practices;

- Physical conduct such as touching, pinching, massaging, hugging, kissing, rubbing the body or making sexual gestures;

- Visual conduct such as staring, leering, displaying or circulating sexually suggestive objects, pictures, posters, photographs, cartoons, calendars, drawings, magazines, computer images or graphics;

- Sexual advances or propositions, including repeated requests for a date;

- Adverse employment actions like discharge and/or demotion based on or because of any of the protected characteristics delineated in this Policy.

## REPORTING POTENTIAL VIOLATIONS OF THIS POLICY

Any member of the County workforce who believes they have been subjected to conduct that potentially violates this Policy has the right to, without undue obstruction or interference, report the potential violation to:

- A supervisor or manager, whether or not the County workforce member is directly supervised by that person. As noted above, Supervisors and managers have an affirmative duty to report potential violations of this Policy to the CISU. Supervisors and managers also have additional duties and responsibilities as detailed in the procedures associated with this Policy.

- The County Intake Specialist Unit (CISU). The CISU may be reached as follows:

  ○ Website: https://CEOP.lacounty.gov ;

  ○ By phone: **1-855-999-CEOP (2367)** or

  ○ Visiting the CISU located at: Kenneth Hahn Hall of Administration, 500 West Temple Street, Room # B-26, Los Angeles, CA 90012, during the hours of 8:00 a.m. to 5:00 p.m., Monday through Friday.

Any non-supervisory member of the County workforce who believes they have knowledge of conduct that potentially violates this Policy is also strongly encouraged to report the matter.

INVESTIGATIVE PROCESS AND CORRECTIVE ACTION

All complaints filed under the Policy will undergo a fair, complete, and timely investigation, followed by a reasonable conclusion drawn from the evidence collected. The County will take appropriate corrective action if misconduct is revealed, including, but not limited to, counseling, training, written warning, written reprimand, suspension, demotion, or discharge.

County Intake Specialist Unit

The CISU is an initial point of contact for County employees who wish to report a potential violation of the Policy. County employees are not required to identify themselves when contacting the CISU. The CISU also functions as a specialized resource for all County employees concerning the CPOE and these Procedures. The CISU shall respond to inquiries, including anonymous inquiries, about the Policy and Procedures and provide information to County employees about, among other things, their rights and responsibilities and complaint and investigation procedures concerning administrative equity matters. If a caller provides enough information to indicate a potential violation of the Policy, the CISU shall complete the CPOE Report Form and inform the caller of this fact.

The CISU shall be responsible for conducting an initial investigation of the CPOE Report Form/complaint to determine the appropriate course of action based on the designations below:

- "A" designation indicates that, based on the initial intake investigation, it is determined that there has been/is a potential violation of the County Policy of Equity, which rises to a level requiring a further investigation by the County Equity Investigations Unit (CEIU);

- "B" designation indicates that, based upon the initial intake investigation, the County Intake Specialist Unit (CISU) has determined that although the situation may involve, or appear to involve, an equity issue, the situation does not rise to the level of a potential violation of the County Policy of Equity;

- "C" designation indicates that, based upon the initial intake investigation, the CISU has determined that there is no equity issue involved;

- "E" designation indicates that the initial intake investigation reveals that a discrimination, harassment, and/or retaliation complaint was received by County from an external agency, such as the California Department of Fair Employment and Housing (DFEH), and/or from the Federal Equal Employment Opportunity Commission (EEOC); and

- "N" designation indicates a non-County involved incident.

The CISU may contact the complainant during the course of the investigation if there is a reasonable basis to believe retaliation is occurring. The CISU shall make prompt notification to the appropriate parties if an issue of retaliation is revealed.

The County Equity Investigations Unit

The County Equity Investigations Unit (CEIU) is responsible for promptly, fully and fairly investigating CPOE Report Forms/complaints of conduct that potentially violate the Policy or Procedures. CEIU investigations shall be as confidential as reasonably possible, and consistent with the County's obligation to conduct a full, fair and impartial investigation. The completed investigation is submitted to the County Equity Oversight Panel (CEOP) for review.

The County Equity Oversight Panel

The CEOP is an independent oversight body which, in accordance with the procedures described in this section, shall have authority and be responsible for reviewing CEIU investigations and making

recommendations to County Department Heads concerning the disposition and discipline recommended. The CEOP shall meet as needed to discuss and review each CEIU investigation.

The review process shall consist of the following steps:

The CEOP shall review each CEIU investigation and have the opportunity to question the CEIU investigator(s) who handled the investigation. The involved Subject's Department Head or supervising chain of command shall attend the briefing. After the briefing, the CEOP shall recommend appropriate dispositions and discipline, if discipline is warranted.

- The CEOP shall meet to read, review and discuss each CEIU investigation;

- In all cases, the CEOP may direct the CEIU to conduct further investigation. If further investigation is directed, another briefing shall be held in accordance with this section after the investigation; and

- The Executive Director of the CEOP shall communicate the Panel's recommendations to the involved Department. When required, the involved Department shall issue all required notifications to the Subject or, where appropriate, inform the parties to the complaint that the complaint was substantiated, unsubstantiated, or inconclusive.

## DUE PROCESS, GRIEVANCE AND APPEAL RIGHTS

### County Employee Rights

All applicable County employee due process, grievance and appeal rights remain intact under this Policy and Procedures.

Represented County employees may grieve disciplinary actions according to the terms of applicable memoranda of understanding ("MOU") negotiated by the Department and the union representing said members. As such, these MOUs may require separate or additional procedures according to their respective terms.

### Appeals To Civil Service Commission

County Employees also may appeal final determinations of discipline to the Civil Service Commission in accordance with the Civil Service Rules. The Department shall notify the Executive Director of the County's Equity Oversight Panel of a settled Civil Service Commission case.

## ADDITIONAL DEPARTMENTAL DUTIES

Departments must provide timely status notifications related to all disciplinary County Equity Oversight Panel recommendations, to enhance accountability and oversight of the Panel recommendations process. Specifically, Departments shall provide regular status updates to the Executive Director of the CEOP (EDCEOP) regarding:

- Disciplinary action imposed, as recommended by the Panel (along with date of imposition to monitor timeliness of the disciplinary process);

- Decisions not to take disciplinary action or to take a lesser form of corrective action than that recommended by the Panel;

  - Note : All Department Heads shall promptly communicate, in writing, to the EDCEOP, the factual basis for any decision not to follow the recommendations of the County Equity Oversight Panel.

- Alterations to Panel-recommended disciplinary action taken, as a result of, but not limited to, Skelly proceedings, appeals processes (including Civil Service proceedings), and arbitrations.

Information collected regarding adherence to County Equity Oversight Panel recommendations may be reported to County Counsel and/or the Board of Supervisors.

EXTERNAL COMPLAINT MONITORING

All members of the County workforce may also contact the California Department of Fair Employment and Housing (DFEH) by calling (800) 884-1684 or visiting their website at www.dfeh.ca.gov; and/or may contact the U.S. Equal Employment Opportunity Commission (EEOC) by calling (213) 894-1000 or (800) 669-4000 or visiting their website at www.eeoc.gov .

The CISU shall receive and process all external discrimination, harassment, and/or retaliation complaints. A Department in receipt of an external discrimination, harassment and/or retaliation complaint shall forward the complaint to the CISU for processing. Where appropriate, the CISU will forward the complaint to the County's Equity Investigations Unit (CEIU) for investigation and any required contact, communication and/or closure with the involved external entity.

CONFIDENTIALITY

The County shall maintain all complaint-related information in confidence to the extent possible given the obligation to conduct a full and fair investigation and to the extent permitted by law. For more information concerning confidentiality, County workforce members should contact the CISU.

## RESPONSIBLE DEPARTMENT

Executive Office of the Board of Supervisors

County Department of Human Resources

## DATE ISSUED/SUNSET DATE

| | |
|---|---|
| Issue Date: July 1, 2011 | Sunset Date: July 1, 2015 |
| Issue Date: July 16, 2015 | Sunset Date: July 1, 2019 |
| Issue Date: June 6, 2017 | Sunset Date: July 1, 2019 |
| Review Date: June 25, 2019 | Sunset Date: July 1, 2021 |

# Exhibit – E

# Countywide Discipline Guidelines: For Employees





**Department of Human Resources**

County of Los Angeles

Copyright 2011, rev. November 2016

## BOARD OF SUPERVISORS

| | |
|---|---|
| HILDA L. SOLIS | First District |
| MARK RIDLEY-THOMAS | Second District |
| SHEILA KUEHL | Third District |
| DON KNABE | Fourth District |
| MICHAEL D. ANTONOVICH | Fifth District |



CHIEF EXECUTIVE OFFICER
SACHI A. HAMAI

DIRECTOR OF PERSONNEL
LISA M. GARRETT

Copyright 2011, rev. November 2016

County of Los Angeles - Department of Human Resources

# Countywide Discipline Guidelines: For Employees

The following list of causes for discipline is a representative sample, and not intended to be all-inclusive. They represent those violations that are common across County departments, irrespective of the specific departmental role. We have evaluated various County departmental discipline guidelines and relied upon our experience before the Civil Service Commission to develop this list of causes for discipline.

This list is intended as a guide only, and requires the use of managerial discretion in relation to scope of the actual infraction being considered. It is impractical to establish a set of disciplinary actions which can cover every possible offense, and we do not attempt to do so here. It is imperative that management look at the totality of the circumstances surrounding a particular offense, or set of offenses, in order to determine the appropriate administrative response.

Built into these guidelines, is some degree of flexibility in determining the appropriate level of discipline. This may result in an administrative action more or less severe than those listed in these guidelines. Only a weighing of all relevant factors, exercising good judgment, and consultation with your Human Resources Office will lead to an appropriate decision.

We remind each reader of these guidelines that whenever possible, engage in preventative workplace strategies that enable management to address and correct employee behavior before formal discipline is necessary.

## Offenses and Ranges of Discipline

| OFFENSE | FIRST OCCURRENCE | SECOND OCCURRENCE | THIRD OCCURRENCE |
|---|---|---|---|
| **I. ATTENDANCE** | | | |
| A. Failure to notify supervisor regarding absence or late arrival within policy time limits | Warning to 5-Day Suspension | 10 to 30-Day Suspension | 30-Day Suspension to Discharge |
| B. Excessive Tardiness, which may include but not limited to failure to report to work at the designated work location on the scheduled work time (See, DHR PPG 531) | Warning to 5-Day Suspension | 10 to 30-Day Suspension | 30-Day Suspension to Discharge |
| C. Unauthorized or Unscheduled Absences, which may include, but not limited to failure to report to work or to remain at work as scheduled, failure to return to work following a break on time, or leaving work early without prior supervisory approval (See, DHR PPG 531) | Warning to 10-Day Suspension; 30-Day Suspension; or Discharge | 15 to 30-Day Suspension; Discharge | Discharge |

Note: These Guidelines approach discipline progressively; however, Management reserves the right to impose discipline based on the totality of the circumstances, up to discharge from County service

## Offenses and Ranges of Discipline

| OFFENSE | FIRST OCCURRENCE | SECOND OCCURRENCE | THIRD OCCURRENCE |
|---|---|---|---|
| D. Absence from duty without authorized leave after having been denied permission to take such leave | 3 to 15-Day Suspension | 20 to 30-Day Suspension; Discharge | Discharge |
| E. Misuse/Abuse of Sick Leave, which may include, but not limited to excessive use of Sick Leave, taking Sick Leave when the employee is not sick, having recurring Sick Leave absences on certain days such as Mondays or Fridays or around holidays, or taking Sick Leave following the denial of a day off (See, DHR PPG 530 and County Code 5.16.040) | 1 to 10-Day Suspension; 30-Day Suspension; or Discharge | 15 to 30-Day Suspension; Discharge | Discharge |

### II. DISRESPECTFUL CONDUCT / INSUBORDINATION

| OFFENSE | FIRST OCCURRENCE | SECOND OCCURRENCE | THIRD OCCURRENCE |
|---|---|---|---|
| A. Delay in, or lack of following instructions from, or lack of cooperating with supervisor, higher-ranking agency personnel or management representative | Warning to 10-Day Suspension | 15 to 30-Day Suspension; Reduction | Reduction or Discharge |
| B. Failure to follow established rules or regulations | Warning to 10-Day Suspension | 15 to 30-Day Suspension; Discharge | Reduction or Discharge |
| C. Disclosure of confidential information pertaining to administrative investigation | Warning to 10-Day Suspension; Reduction; or Discharge | 15 to 30-Day Suspension; Reduction; or Discharge | Discharge |
| D. Failure to cooperate in an administrative investigation (See, DHR PPG 910) | 1 to 10-Day Suspension; Reduction; or Discharge | 15 to 30-Day Suspension; Reduction; or Discharge | Discharge |
| E. Providing false information in the course of an administrative investigation | 1 to 15-Day Suspension; Reduction; Discharge | 30-Day Suspension; Reduction; Discharge | Discharge |
| F. Insubordination or refusal to follow instructions of a supervisor or higher ranking agency personnel, including behavior demonstrating disregard or disrespect of supervisor (or higher ranking agency personnel) or directions of supervisor or higher ranking agency personnel | 1 to 15-Day Suspension; Reduction; Discharge | 30-Day Suspension; Reduction; Discharge | Discharge |

Note: These Guidelines approach discipline progressively; however, Management reserves the right to impose discipline based on the totality of the circumstances, up to discharge from County service.

## Offenses and Ranges of Discipline

| OFFENSE | FIRST OCCURRENCE | SECOND OCCURRENCE | THIRD OCCURRENCE |
|---|---|---|---|
| **III. DISHONESTY, THEFT, MISAPPROPRIATION, AND RELATED MISCONDUCT** | | | |
| A. Falsification of application or material omission of information for employment or promotion when it affects acceptance or rejection for employment or promotion | Applicant: Do Not Hire. Permanent Employee: 15 to 30-Day Suspension; Reduction; or Discharge | Reduction or Discharge | |
| B. Falsification or material omission of required information from employee information sheet and/or employment application form when it does not affect acceptance or rejection for employment or promotion | Applicant: Do Not Hire. Permanent Employee: 1 to 30-Day Suspension; Reduction; or Discharge | Reduction or Discharge | |
| C. Any form of cheating in a County Civil Service examination or placement interview process; including but not limited to unauthorized possession, use, or distribution of examination or interview material; participating in an examination for another person; or, falsifying or possessing falsified test entry notice(s) | Applicant: Do Not Hire; 30-Day Suspension; Discharge | Discharge | |
| D. Failing to report outside employment (and not engaged in outside employment) | Warning to 5-Day Suspension | 10 to 30-Day Suspension; Discharge | 30-Day Suspension; Discharge |
| E. Engaging in and failing to report employment or activity constituting a conflict of interest | 5 to 30-Day Suspension; Discharge | 30-Day Suspension; Discharge | Discharge |
| F. Using official position or office for personal gain or advantage | 5 to 15-Day Suspension; Discharge | 20 to 30-Day Suspension; Discharge | Discharge |
| G. Falsifying, concealing, removing, mutilating, or destroying reports or documents | 10 to 30-Day Suspension; Reduction; or Discharge | 30-Day Suspension; Discharge | Discharge |

3

Note: These Guidelines approach discipline progressively; however, Management reserves the right to impose discipline based on the totality of the circumstances, up to discharge from County service

## Offenses and Ranges of Discipline

| OFFENSE | FIRST OCCURRENCE | SECOND OCCURRENCE | THIRD OCCURRENCE |
|---|---|---|---|
| H. Withholding information from superiors, fellow employees, subordinates, public clients of the County which could or does result in loss, injury, or damage to those individuals or the County | 15 to 30-Day Suspension; Discharge | Discharge | |
| I. Material submission of false time or financial records, including but not limited to Mileage Claim Forms, Field Itinerary Reports, etc. | 15 to 30-Day Suspension; Discharge | 30-Day Suspension; Discharge | Discharge |
| J. Inaccurate or material submission of inaccurate time cards for self or other employees | 1 to 10-Day Suspension; Discharge | 15 to 30-Day Suspension; Discharge | Discharge |
| K. Falsification or material submission of false time cards for self or other employees | 15 to 30-Day Suspension; Discharge | Discharge | |
| L. Working for another employer or self-employed while on approved leave of absence when such work has not been authorized by the Department | 1 to 30-Day Suspension; Discharge | Discharge | |
| M. Making false statements, misrepresenting information, or omissions about possession of a valid California Drivers License or timely notification following licensure revocation or change in status | 1 to 30-Day Suspension; Discharge | Discharge | |
| N. Misuse or falsification of sick time or submission of falsified/altered medical statement | 30-Day Suspension; Discharge | Discharge | |

### IV. INAPPROPRIATE CONDUCT IN VIOLATION OF COUNTY POLICY OF EQUITY

| OFFENSE | FIRST OCCURRENCE | SECOND OCCURRENCE | THIRD OCCURRENCE |
|---|---|---|---|
| A. Inappropriate conduct toward others based on protected characteristic(s) when such conduct reasonably would be considered inappropriate for the workplace (See, County Policy of Equity) | Reprimand to 10-Day Suspension | 15 to 30-Day Suspension; Discharge | Discharge |
| B. Engaging in disparate or adverse treatment of an individual's protected characteristic(s) in violation of the County Policy of Equity (See, County Policy of Equity) | Reprimand to 10-Day Suspension | 20 to 30-Day Suspension; Discharge | Discharge |

Note: These Guidelines approach discipline progressively; however, Management reserves the right to impose discipline based on the totality of the circumstances, up to discharge from County service.

## Offenses and Ranges of Discipline

| OFFENSE | FIRST OCCURRENCE | SECOND OCCURRENCE | THIRD OCCURRENCE |
|---|---|---|---|
| C. Engaging in unwelcome sexual advances, requests for sexual favors, and other verbal, visual or physical conduct of a sexual nature which meets any of the following three criteria in the County Policy of Equity: | | | |
| 1.) Submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment | Reprimand to 30-Day Suspension; Discharge | 30-Day Suspension; Discharge | Discharge |
| 2.) Submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual | Reprimand to 30-Day Suspension; Discharge | 30-Day Suspension; Discharge | Discharge |
| 3.) Such conduct has the purpose or effect of unreasonably interfering with the individual's employment or creating an intimidating, hostile, offensive, or abusive working environment | Reprimand to 30-Day Suspension; Discharge | 30-Day Suspension; Discharge | Discharge |
| D. Engaging in an adverse employment action against another for reporting a protected incident or filing a complaint of conduct or participating in an investigation or administrative proceeding or otherwise exercising their rights or performing their duties under the County Policy of Equity | 30-Day Suspension; Discharge | Discharge | |
| E. Engaging in harassment (other than sexual) of an individual's protected characteristic(s) is prohibited under the County Policy of Equity. Harassment is conduct which has the purpose or effect or unreasonably interfering with an individual's work performance or creating an intimidating, hostile, offensive, or abusive work environment | Reprimand to 30-Day Suspension; Discharge | 30-Day Suspension; Discharge | Discharge |
| F. Engaging in third person harassment; which is the indirect harassment of a bystander, even if the person engaging in the conduct is unaware of the presence of the bystander | Reprimand to 10-Day Suspension; Discharge | 15 to 30-Day Suspension; Discharge | Discharge |

5

Note. These Guidelines approach discipline progressively; however, Management reserves the right to impose discipline based on the totality of the circumstances, up to discharge from County service.

## Offenses and Ranges of Discipline

| OFFENSE | FIRST OCCURRENCE | SECOND OCCURRENCE | THIRD OCCURRENCE |
|---|---|---|---|
| G. Engaging in an inappropriate social or sexual relationship with clients, patients or persons for whom the Department provides services | 30-Day Suspension; Discharge | Discharge | |

### V. MISUSE OF COUNTY EQUIPMENT OR PROPERTY

| OFFENSE | FIRST OCCURRENCE | SECOND OCCURRENCE | THIRD OCCURRENCE |
|---|---|---|---|
| A. Unauthorized use or misuse of County equipment and/or resources such as, postage, telephones, computers, social media technologies and/or photocopy machines for personal use (See, Board Policy 6.101 and 6.105 and DHR PPG 1040) | Warning to 15-Day Suspension; Discharge | 15 to 30-Day Suspension; Discharge | Discharge |
| B. Unauthorized use, operations, or possession of equipment, machines, or tools to which the employee has not been assigned; or unauthorized performance of duties other than those assigned | Warning to 30-Day Suspension; Discharge | 15 to 30-Day Suspension; Discharge | Discharge |
| C. Causing willful or negligent destruction or loss of County property, equipment or supplies, documents, or of personal property of public, patients, or other employees, or superiors | 5 to 30-Day Suspension; Discharge | 30-Day Suspension; Discharge | Discharge |
| D. Misappropriating or unauthorized taking of County equipment, property, or supplies, or property of public, patients, or other employees, or superiors | 15 to 30-Day Suspension; Discharge | Discharge | |
| E. Unauthorized or improper accessing of confidential files, records, or any portion of a record, including but not limited to: participants, clients, patients, or employee personnel | Reprimand to 15-Day Suspension; Discharge | 15 to 30-Day Suspension; Discharge | Discharge |
| F. Unauthorized or improper use or disclosure of confidential information, including but not limited to, medical records, personnel records, credential files to self or others | 10 to 30-Day Suspension; Reduction; or Discharge | 30-Day Suspension; Discharge | Discharge |

Note: These Guidelines approach discipline progressively; however, Management reserves the right to impose discipline based on the totality of the circumstances, up to discharge from County service.

## Offenses and Ranges of Discipline

| OFFENSE | FIRST OCCURRENCE | SECOND OCCURRENCE | THIRD OCCURRENCE |
|---|---|---|---|
| **VI. ON- OR OFF-DUTY CRIMINAL OR UNBECOMING CONDUCT** | | | |
| A. Conviction of any crime which constitutes a job nexus to County employment (See, DHR PPG 514 and CSR 18.031) | 15 to 30-Day Suspension; Discharge | Discharge | |
| B. Criminal or unbecoming conduct while performing duties, or on County premises, or during working hours, or when such conduct is related to the employee's duties or interest of the Department or County; or promoting such criminal or unbecoming conduct (See, DHR PPG 514 and CSR 18.031) | 30-Day Suspension; Discharge | Discharge | |
| C. Conviction of crimes (whether felony or misdemeanor or infraction) or unbecoming conduct that may include, but not limited to, illegal drugs, theft, inappropriate sexual behavior, crimes against persons or property, human trafficking, etc. (See, DHR PPG 514 and CSR 18.031) | 30-Day Suspension; Discharge | Discharge | |
| **VII. PERFORMANCE TO STANDARDS OR EXPECTATIONS** | | | |
| A. Carelessness or inattention to duties resulting in improper service being rendered to clients, patients, public or resulting in impairment of a County function | Warning to 15-Day Suspension; Reduction; Discharge | 20 to 30-Day Suspension; Reduction; Discharge | Reduction or Discharge |
| B. Discourtesy with fellow employees; may include, but not limited to, disrespectful, insulting, abusive language or conduct | Warning to 10-Day Suspension; Discharge | 15 to 30-Day Suspension; Discharge | Discharge |
| C. Discourtesy to the public or clients/patients (See, DHR PPG 1041) | 5 to 15-Day Suspension; Discharge | 30-Day Suspension; Discharge | Discharge |
| D. Carrying on personal business during working hours | Warning to 10-Day Suspension | 15 to 30-Day Suspension | Discharge |

7

Note: These Guidelines approach discipline progressively; however, Management reserves the right to impose discipline based on the totality of the circumstances, up to discharge from County service.

## Offenses and Ranges of Discipline

| OFFENSE | FIRST OCCURRENCE | SECOND OCCURRENCE | THIRD OCCURRENCE |
|---|---|---|---|
| E. Shirking work or failing to perform a full day's work | Warning to 5-Day Suspension | 10 to 20-Day Suspension | 30-Day Suspension; Discharge |
| F. Work performance fails to meet job expectations, standards or requirements - whether implied or explicit | Warning to 10-Day Suspension | 15 to 30-Day Suspension; Reduction | Reduction or Discharge |
| G. Asleep or inattentive while on duty in normal work periods | Warning to 10-Day Suspension | 15 to 30-Day Suspension; Discharge | Discharge |
| H. Failure to exercise sound judgment which results in loss of, or injury, or damage to persons or property of the County or of County service | Reprimand to 15-Day Suspension; Reduction; Discharge | 20 to 30-Day Suspension; Reduction; Discharge | Discharge |
| I. Failure to maintain prescribed records which result in loss to Department or loss or injury to persons or property | Warning to 15-Day Suspension; Reduction; Discharge | 20 to 30-Day Suspension; Reduction; Discharge | Discharge |
| J. Failure to answer County telephones promptly, courteously and with a businesslike identification of the office and person answering the telephone | Warning to 5-Day Suspension | 10 to 20-Day Suspension | 30-Day Suspension; Discharge |
| K. Violation of the departmental or externally recognized code of ethics of the professional group of the employee | 5 to 15-Day Suspension; Discharge | Discharge | |
| L. Failing to use necessary and prescribed authority in discharge of duties | Warning to 10-Day Suspension; Reduction | 15 to 30-Day Suspension; Reduction | Reduction; Discharge |
| M. Failure to carry out supervisory duties and responsibilities adequately and promptly | Reprimand to 10-Day Suspension; Reduction | 15 to 30-Day Suspension; Reduction | Reduction or Discharge |

Note: These Guidelines approach discipline progressively; however, Management reserves the right to impose discipline based on the totality of the circumstances, up to discharge from County service.

## Offenses and Ranges of Discipline

| OFFENSE | FIRST OCCURRENCE | SECOND OCCURRENCE | THIRD OCCURRENCE |
|---|---|---|---|
| N. Abuse of supervisory or management authority, or conduct unbecoming a position of authority | Reprimand to 15-Day Suspension; Reduction; Discharge | 20 to 30-Day Suspension; Reduction; Discharge | Discharge |
| **VIII. UNDER THE INFLUENCE / IMPAIRED** | | | |
| A. Consuming or under the influence of alcohol while on-duty or on County property | 10 to 30-Day Suspension; Reduction; Discharge | Reduction; Discharge | |
| B. Possession alcohol while on-duty or on County property | 1 to 30-Day Suspension; Reduction; Discharge | 30-Day Suspension; Reduction; Discharge | Discharge |
| C. Consuming or under the influence of illegal or non-prescribed drugs or narcotics while on-duty or on County property | 15 to 30-Day Suspension; Reduction; Discharge | Discharge | |
| D. Possession of illegal or non-prescribed drugs or narcotics while on-duty or on County property | 15 to 30-Day Suspension; Reduction; Discharge | Discharge | |
| E. Operating County vehicle, equipment, or personal vehicle for County business, while under the influence of alcohol, non-prescribed drugs or narcotics or prescribed drugs; which may include positive test results from Department of Transportation Random Drug and Alcohol Test | 20 to 30-Day Suspension; Reduction; Discharge | Discharge | |
| **IX. THREATENING BEHAVIOR / WORKPLACE VIOLENCE** | | | |
| A. Implied threat or threatening behavior that is intimidating or of sufficient gravity to cause fear that is directed at, or about, any employee, client, patient or member of the public, whether on- or off-duty (See, DHR PPG 620) | 15 to 30-Day Suspension; Discharge | Discharge | |

9

Note:  These Guidelines approach discipline progressively; however, Management reserves the right to impose discipline based on the totality of the circumstances, up to discharge from County service.

## Offenses and Ranges of Discipline

| OFFENSE | FIRST OCCURRENCE | SECOND OCCURRENCE | THIRD OCCURRENCE |
|---|---|---|---|
| B. Threatening bodily harm in person or by other means (e.g., telephone, fax, computer, electronic mail, written note or correspondence, etc.) to another, attempting to cause injury or intimidate another; may include threats of violence directed at any employee, patient, member of the public, or a County facility, whether on- or off-duty (See, DHR PPG 620) | 15 to 30-Day Suspension; Discharge | Discharge | |
| C. Fighting with, striking, or use of physical force on another (See, DHR PPG 620) | 15 to 30-Day Suspension; Discharge | Discharge | |

Countywide Discipline Guidelines: For Employees - (c)2016 LA County - Department of Human Resources

Note: These Guidelines approach discipline progressively; however, Management reserves the right to impose discipline based on the totality of the circumstances, up to discharge from County service.

# Exhibit – F



**LISA M. GARRETT**
DIRECTOR OF PERSONNEL

# COUNTY OF LOS ANGELES
## DEPARTMENT OF HUMAN RESOURCES

HEADQUARTERS
579 KENNETH HAHN HALL OF ADMINISTRATION · LOS ANGELES, CALIFORNIA 90012
(213) 974-2406   FAX (213) 621-0387

BRANCH OFFICE
3333 WILSHIRE BOULEVARD · LOS ANGELES, CALIFORNIA 90010
(213) 738-2211   FAX (213) 637-0820

November 8, 2017

To:      All Department Heads

From:    Lisa M. Garrett
          Director of Personnel

Subject:  **REVISION OF POLICY, PROCEDURE, AND GUIDELINE NO. 812, COUNTY POLICY OF EQUITY**

Attached is the revised Countywide Policy, Procedure, and Guideline (PPG) 812 – *County Policy of Equity*, originally issued on July 25, 2011. PPG 812 was updated to incorporate amendments to California Government Code Section 12940, which took effect on April 1, 2016. The statute protects employees from discrimination or retaliation by employers and expands protected classes to also include: religious creed, ancestry, physical or mental disability, medical condition, genetic information, gender, gender identity, gender expression, military and veteran status.

Please include the revised PPG 812 in Tab 8 – Performance Management, of the Human Resources Management System Manual. Your Departmental Human Resources Manager will also receive a copy of this memorandum and attachment for inclusion in the department's master copy of the PPG Manual, and for distribution in your department. The policy may also be found on the DHR website at http://dhr.mylacounty.info/.

Should you have questions, please contact me at (213) 974-2406 or your staff may contact Marisa Lopez, Senior Human Resources Manager, at (213) 351-8945.

LMG:EP:JAWT
ML:DMM:rp

c:  Chief Deputies
    Administrative Deputies
    Departmental Human Resources Managers

Attachment

HRDS\PPG-related\PPG 812 CPOE\LMG Memo to DHs Re Revised PPG 812.docx

*To Enrich Lives Through Effective and Caring Service*



**County of Los Angeles**
**Department of Human Resources**
**POLICIES, PROCEDURES, AND GUIDELINES**

| Subject: | Policy Number: | Pages: |
|---|---|---|
| **COUNTY POLICY OF EQUITY** | 812 | 9 |
| | Effective Date: November 08, 2017 | |
| | Approved By: | |

## POLICY

This Policy is intended to preserve the dignity, respect, and professionalism of the workplace, as well as protect the right of employees to be free from discrimination, sexual harassment, unlawful harassment (other than sexual), retaliation, and inappropriate conduct toward others based on a protected status. Retaliation, as well as discrimination, sexual harassment, unlawful harassment (other than sexual), and inappropriate conduct toward others based on a protected status, are contrary to the values of the County of Los Angeles (County).

The County will not tolerate unlawful discrimination on the basis of age (40 and over); ancestry; color; ethnicity; religious creed (including religious dress and grooming practices); denial of family and medical care leave; disability (including mental and physical disability); marital status; medical condition (cancer and genetic characteristics); genetic information; military and veteran status; national origin (including language use restrictions); race; sex (including pregnancy, childbirth, breastfeeding, and medical conditions related to pregnancy, childbirth, or breastfeeding); gender; gender identity; gender expression; sexual orientation; and any other characteristic protected by state or federal law. Further, the County will not tolerate retaliation for filing a complaint under the Policy or similar state or federal law, for participating in an administrative investigation or proceeding under the Policy, for performing duties under the Policy, or for otherwise opposing conduct prohibited by the Policy.

As a preventive measure, the County also will not tolerate inappropriate conduct toward others based on a protected status, even if the conduct does not meet the legal definition of discrimination or unlawful harassment. All County employees are responsible for conducting themselves in accordance with this Policy and its associated Procedures. Violation of the Policy and/or Procedures will lead to prompt and appropriate administrative action including, but not limited to, counseling, training, written warning, written reprimand, suspension, demotion, or discharge.

| Subject: | Policy Number: 812 |
|---|---|
| **COUNTY POLICY OF EQUITY** | Effective Date: November 08, 2017 |

The law prohibits coworkers, supervisors and managers, and third parties from engaging in conduct prohibited by the Fair Employment and Housing Act (FEHA).

All County employees are required to conduct themselves in accordance with this Policy, and all applicable local, county, state, and federal laws.

## PROHIBITED CONDUCT

Each County employee is responsible for understanding and abiding by the following definitions of prohibited conduct as they may impact any administrative process/proceeding for potential violations of this Policy and/or associated Procedures.

### Section 1.  Discrimination

Discrimination is the disparate or adverse treatment of an individual based on or because of that individual's age (40 and over); ancestry;  color; ethnicity; religious creed (including religious dress and grooming practices); denial of family and medical care leave; disability (including mental and physical disability); marital status; medical condition (cancer and genetic characteristics); genetic information; military and veteran status; national origin (including language use restrictions); race; sex (including pregnancy, childbirth, breastfeeding, and medical conditions related to pregnancy, childbirth, or breastfeeding); gender; gender identity; gender expression; sexual orientation; and any other characteristic protected by state or federal law.

### Section 2.  Sexual Harassment

Sexual harassment includes unwelcome sexual advances, requests for sexual favors, and other verbal, visual or physical conduct of a sexual nature which meets any one of the following criteria:

- Submission to such conduct is made, either explicitly or implicitly, a term or condition of an individual's employment;
- Submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual; or
- Such conduct has the purpose or effect of unreasonably interfering with the individual's employment or creating an intimidating, hostile, offensive, or abusive working environment.

### Section 3. Unlawful Harassment (Other than Sexual)

Unlawful harassment of an individual because of the individual's age (40 and over); ancestry;  color; ethnicity; religious creed (including religious dress and grooming practices); denial of family and medical care leave; disability (including mental and

2

| Subject: | Policy Number: 812 |
|---|---|
| **COUNTY POLICY OF EQUITY** | Effective Date: **November 08, 2017** |

physical disability); marital status; medical condition (cancer and genetic characteristics); genetic information; military and veteran status; national origin (including language use restrictions); race; sex (including pregnancy, childbirth, breastfeeding, and medical conditions related to pregnancy, childbirth, or breastfeeding); gender; gender identity; gender expression; sexual orientation; and any other protected characteristic protected by state or federal law is also discrimination and prohibited. Unlawful harassment is conduct which has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, offensive, or abusive work environment.

## Section 4. Third-Person Harassment

Third-person unlawful harassment is indirect harassment of a bystander, even if the person engaging in the conduct is unaware of the presence of the bystander. When an individual engages in harassing behavior, they assume the risk that someone may pass by or otherwise witness the behavior; the County considers this to be the same as directing the harassment towards that individual.

## Section 5. Inappropriate Conduct Towards Others

Inappropriate conduct toward others is any physical, verbal, or visual conduct based on or because of age (40 and over); ancestry;  color; ethnicity; religious creed (including religious dress and grooming practices); denial of family and medical care leave; disability (including mental and physical disability); marital status; medical condition (cancer and genetic characteristics); genetic information; military and veteran status; national origin (including language use restrictions); race; sex (including pregnancy, childbirth, breastfeeding, and medical conditions related to pregnancy, childbirth, or breastfeeding); gender; gender identity; gender expression; sexual orientation; and any other characteristic protected by state or federal law, when such conduct reasonably would be considered inappropriate for the workplace.

This provision is intended to stop inappropriate conduct based on a protected status before it becomes discrimination or unlawful harassment. As such, the conduct need not meet the legally actionable state and/or federal standards of severe or pervasive to violate this Policy. An isolated derogatory comment, joke, racial slur, sexual innuendo, etc., **may** constitute conduct that violates this policy and is grounds for discipline, up to and including discharge from County service. Similarly, the conduct need not be unwelcome to the party against whom it is directed; if the conduct reasonably would be considered inappropriate by the County for the workplace, it **may** violate this Policy.

3

| Subject: | Policy Number:  812 |
|---|---|
| **COUNTY POLICY OF EQUITY** | Effective Date:  **November 08, 2017** |

### Section 6.  Retaliation

Retaliation for the purposes of this Policy is an adverse employment action against another for reporting a protected incident or filing a complaint of conduct or opposing conduct that violates this Policy or the law or participating in an investigation, administrative proceeding or otherwise exercising their rights or performing their duties under this Policy or the law.

### Section 7.  Duty to Cooperate

In accordance with County PPG 910, Employees' Cooperation in the Administrative Investigation Process, all County employees are responsible for fully cooperating in any administrative investigation related to this Policy.

### Section 8.  No Retaliation

This Policy absolutely prohibits retaliation.  No County employee will be subjected to an adverse employment action for: making a complaint of conduct, or opposing conduct that potentially violates this Policy, or cooperating in any administrative investigation or otherwise preventing prohibited practices or performing duties under this Policy.  The County will take corrective administrative action to prevent retaliation, including the imposition of appropriate discipline to any County employee who engages in retaliation.

### Section 9.  Confidentiality

The County shall maintain all complaint-related information in confidence to the extent possible given the obligation to conduct a full and fair investigation.  For more information concerning confidentiality, County employees should contact the County Intake Specialist Unit (CISU).

## GUIDELINES

### EXAMPLES OF CONDUCT THAT MAY VIOLATE THIS POLICY AND SCOPE OF COVERAGE

Depending on the facts and circumstances, below are examples of conduct that may violate this Policy.  Please be advised that this list is not exhaustive:

- Posting, sending, forwarding, soliciting or displaying in the workplace any materials, documents or images that are, including but not limited to, sexually suggestive, or racist;

4

| Subject:                   | Policy Number: **812**               |
|----------------------------|--------------------------------------|
| **COUNTY POLICY OF EQUITY** | Effective Date: **November 08, 2017** |

- Verbal conduct such as whistling and cat calls, using or making lewd or derogatory noises or making graphic comments about another's body, or participating in discussions about sexual experiences and/or desires;
- Verbal conduct such as using sexually, racially or ethnically degrading words or names, using or making racial or ethnic epithets, slurs, or jokes;
- Verbal conduct such as comments or gestures about a person's physical appearance, which have a racial, sexual, disability-related, religious, age or ethnic connotation or derogatory comments about religious differences and practices;
- Physical conduct such as inappropriate touching, pinching, massaging, hugging, kissing, rubbing the body or making sexual gestures;
- Visual conduct such as staring, leering, displaying or circulating sexually suggestive objects, pictures, posters, photographs, cartoons, calendars, drawings, magazines, computer images or graphics;
- Sexual advances or propositions, including repeated requests for a date;
- Adverse employment actions like discharge and/or demotion against someone who perceives it to be because of their race, or gender.

## SCOPE OF COVERAGE

**County Workforce**: For purposes of this Policy, County Workforce, includes but is not limited to, County employees, applicants for employment, unpaid volunteers, and interns and persons providing services pursuant to a contract.

**Location:** This Policy prohibits discrimination, unlawful harassment, retaliation, and inappropriate conduct toward others based on a protected status, whether in the workplace or in an environment with a nexus to the workplace, including in other work-related settings such as offsite work-related events (e.g., retirement parties).

**Communication System/Equipment:** This Policy also applies to the use of any communication system or equipment in the workplace, including, but not limited to, electronic mail, internet, intranet, telephone lines, computers, facsimile machines, voice-mail, radio, cell phones, tablets, and mobile digital terminals. Employees may be disciplined for using any communication system or equipment to deliver, display, store, forward, publish, circulate, or solicit material in violation of this Policy.

## PROCEDURES

## REPORTING VIOLATIONS OF THIS POLICY

Any County employee who believes to have been subjected to conduct that potentially violates this Policy is strongly encouraged to report the matter to a supervisor or

5

| Subject: | Policy Number: 812 |
|---|---|
| **COUNTY POLICY OF EQUITY** | Effective Date: **November 08, 2017** |

manager, whether or not the employee is directly supervised by that person, or to the County Intake Specialist Unit (CISU). The CISU may be reached by phone: **1-855-999-CEOP (2367)** or via its website: **https://CEOP.bos.lacounty.gov** and is located at: **Kenneth Hahn Hall of Administration, 500 West Temple Street, Room # B-26, Los Angeles, CA 90012.**

Any County employee who believes they have been subjected to conduct that potentially violates this Policy has the right to, without undue obstruction or interference, report the potential violation to a supervisor or manager other than their direct supervisor.

Any non-supervisory County employee who has knowledge of conduct that potentially violates this Policy is also strongly encouraged to report the matter.

Supervisors and managers have an *affirmative duty* to report potential violations of this Policy to the CISU. Supervisors and managers also have additional duties and responsibilities as detailed in the procedures associated with this Policy.

All complaints filed under the Policy will undergo a fair, complete, and timely investigation, followed by a reasonable conclusion drawn from the evidence collected. The County will take appropriate corrective action if misconduct is revealed.

The County will promptly, fully and fairly investigate any reports/complaints and take appropriate corrective action.

County employees may also contact the California Department of Fair Employment and Housing (DFEH) by calling (800) 884-1684 or via their website at www.dfeh.ca.gov; and/or may contact the Federal Equal Employment Opportunity Commission (EEOC) by calling (213) 894-1000 or (800) 669-4000 or via their website at www.eeoc.gov .

### Section 10: Duties of Supervisors and Managers

Under these Procedures, supervisors and managers have an *affirmative duty* to perform certain duties as enumerated below.

For purposes of this Policy, supervisors and managers, include: any employee regardless of job description or title, having authority, in the interest of the employer, to hire, transfer, suspend, layoff, recall, promote, discharge, assign, reward, or discipline other employees, or responsibility to direct them, or to adjust their grievances, or effectively to recommend this action, if, in connection with the foregoing, the exercise of this authority is not of a merely routine or clerical nature, but requires the use of independent judgment.

6

| Subject: | Policy Number: 812 |
|---|---|
| COUNTY POLICY OF EQUITY | Effective Date: November 08, 2017 |

NOTE: FAILURE BY ANY SUPERVISOR OR MANAGER TO CARRY OUT THESE DUTIES MAY BE CAUSE FOR DISCIPLINE.

## Section 11: Duty of All Supervisors and Managers to Report

Supervisors and managers have an *affirmative duty* to report potential violations of the Policy. Supervisors and managers are required to report potential violations of the Policy to the CISU even when a complaining or reporting party requests that no action be taken. The supervisor or manager *shall*:

Immediately notify the CISU of the incident(s) or complaint and any initial steps taken by the supervisor or manager, and complete a County Policy of Equity Report/Notification form ("County POE Report Form") with the CISU.

## Section 12: Additional Duties of All Supervisors and Managers

Supervisors and managers are also responsible for:

- Being aware of, abiding by, and understanding the Policy and Procedures, as well as any modifications that may be made to them;
- Actively monitoring the work environment to ensure that conduct which potentially violates the County Policy of Equity is not occurring;
- Informing County employees under their supervision of the types of prohibitive behavior, and the County's procedures for reporting and resolving complaints arising under the Policy;
- Stopping conduct that potentially violates the Policy and taking immediate and **appropriate administrative action** whether or not the involved County employees are within their line of supervision; and
- If a situation requires separation of the involved parties, particular care must be taken to avoid actions that appear to punish the complaining party. (Note: Supervisors are not required to place themselves in physical harms way to separate the parties.)

Supervisors and managers have the foregoing duties whether or not a complaint has been made.

## Section 13: Additional Duties of Department Heads

In addition to the duties described above, Department Heads have the following duties:

- Ensuring that the CPOE is disseminated to every employee in the Department; and

7

| Subject:                        | Policy Number: 812                    |
|---------------------------------|---------------------------------------|
| **COUNTY POLICY OF EQUITY**     | Effective Date: November 08, 2017     |

- Ensuring that each employee is provided reasonable access to a computer capable of utilizing the County's online CPOE reporting portal, and reasonable time to make use of the portal or file a CPOE Report/Notification form, and ensuring that blank CPOE Report/Notification forms are maintained in a prominent and accessible place in every Department Unit. It is the further duty of the Department Head to ensure that the location, availability, and purpose of the computer portal and the CPOE Report/Notification forms are made known to each Department member.

## DUE PROCESS, GRIEVANCE AND APPEAL RIGHTS

### County Employee Rights

All applicable County employee due process, grievance and appeal rights remain intact under this Policy and Procedure Guideline.

Represented County employees may grieve disciplinary actions according to the terms of applicable memoranda of understanding ("MOU") negotiated by the Department and the union representing said members. As such, these MOUs may require separate or additional procedures according to their respective terms.

### Supervisors' and Managers' Responsibilities

Any supervisor authorized to conduct grievances shall promptly communicate, in writing, to the Executive Director of the County's Equity Oversight Panel and to the involved subject's Department Head the factual basis for any decision to modify the County Equity Oversight Panel's recommendation. Failure to do so may be cause for discipline.

### Appeals to Civil Service Commission

County employees also may appeal final determinations of discipline to the Civil Service Commission in accordance with the Civil Service Rules. The Department shall notify the Executive Director of the County's Equity Oversight Panel of a settled Civil Service Commission case.

### EXTERNAL COMPLAINT MONITORING

The CISU shall receive and process all external discrimination, harassment, and/or retaliation complaints. A Department in receipt of an external discrimination, harassment and/or retaliation complaint shall forward the complaint to the CISU for processing. Where appropriate, the CISU will forward the complaint to the County

8

| Subject:                     | Policy Number: 812                    |
|------------------------------|---------------------------------------|
| **COUNTY POLICY OF EQUITY**  | Effective Date: November 08, 2017     |

Equity Investigations Unit (CEIU) for investigation and any required contact, communication and/or closure with the involved external entity.

## AUTHORITY

California Government Code Section 12940

May 31, 2011, Chief Executive Office and Executive Office, Board of Supervisors: Approval of County of Los Angeles Policy of Equity
http://file.lacounty.gov/bos/supdocs/61126.pdf

BOS Policy 9.010, Equal Employment Opportunity Non-Discrimination Policy Statement and Poster

BOS Policy 9.015, County Policy of Equity

Los Angeles County Code Chapter 5.09 Policy of Equity

Department of Human Resources, *Gender Nondiscrimination Guidelines* Number 812-R

Department of Human Resources, Policies, Procedures and Guidelines Number 910, *Employees' Cooperation in the Administrative Investigations Process*

## DATE ISSUED

Original Issue Date:  July 25, 2011
Review Date:  October 10, 2017

# Exhibit – G

## Complaint History Search

**Employee Number: 517135, First Name: Richard, Last Name: Gil, Dept: All Departments**

| Case Number | CISU Assessment | Complainant | Complaint Basis | Deputy | Status | Briefing Date | Disposition |
|---|---|---|---|---|---|---|---|
| CEIU_2019_15043 | 9/30/2019 | ▉ | Sexual Harassment | Valenzuela | Investigation Complete | | |
| | CISU Intake #(s): 2019-0005248 | | | | | | |
| | SOI(s): Richard Gil | | | | | | |
| CEIU_2018_12851 | 8/23/2018 | ▉ | Sexual Harassment | Lewis | Closed | 2/27/2019 | CEOP Substantiated |
| | CISU Intake #(s): 2018-5003337 | | | | | | |
| | SOI(s): Richard Gil | | | | | | |
| CEIU_2018_12557 | 7/18/2018 | Richard Gil | Sexual Harassment | Lewis | Closed | 2/27/2019 | CEOP Substantiated |
| | CISU Intake #(s): 2018-5002838 | | | | | | |
| | SOI(s): Isabela Carmona | | | | | | |
| CEIU_2014_6435 | 7/31/2014 | ▉ | Sexual Harassment | Vergel De Dios | Closed | 5/13/2015 | CEOP Substantiated |
| | CISU Intake #(s): 2014-01445 | | | | | | |
| | SOI(s): Richard Gil | | | | | | |
| CEIU_2014_6434 | 7/31/2014 | ▉ | Sexual Harassment | Vergel De Dios | Closed | 5/13/2015 | CEOP Substantiated |
| | CISU Intake #(s): 2014-01445 | | | | | | |
| | SOI(s): Richard Gil | | | | | | |
| CEIU_2012_4667 | 6/6/2012 | ▉ | Sexual Harassment | Camargo | Closed | 1/29/2014 | CEOP Substantiated |
| | CISU Intake #(s): 2012-01317 | | | | | | |
| | SOI(s): ▉ Richard Gil ▉ | | | | | | |

# DEPARTMENT OF PUBLIC SOCIAL SERVICES

## BUREAU OF WORKFORCE SERVICES

### August 18, 2015

TO:        Richard Gil, Eligibility Worker III

CONFIDENTIAL

FROM:      Carrie Wilson, Human Services Administrator III
           Compton District

SUBJECT:   REPRIMAND

This Reprimand is issued to you for your inappropriate conduct towards others and failure to follow established rules and regulations. The Reprimand is issued in accordance with DPSS Personnel Manual Section 9700 (B4 and D17) and the Countywide Discipline Guidelines for Employees Sections II-B, and VII-B.

On May 2, 2014, the County Policy of Equity (CPOE), County Intake Specialist Unit (CISU) received a complaint of inappropriate conduct towards others in the workplace. Kyara Paz, former Student Worker, alleged that you in an inappropriate gesture with her around April 25, 2014. According to Ms. Paz, she needed a black marker and proceeded to the stockroom to obtain one. She stated that she asked you for the marker and you said you would get it for her. Ms. Paz stated that you placed the marker in front of your pants where your private area is and said, "Here is your thick, black marker," as you held on to the marker tightly refusing to let it go. Ms. Paz told two employees about the incident before it was reported to administration.

You denied the allegations made against you. You stated that you do not know who Ms. Paz is and that you do not work directly with student workers. You denied having any interaction with anyone in the stockroom. You also denied having any kind of a discussion with anyone concerning a marker or making any gesture with a marker near your private area or placing it in your pants. Furthermore, you denied saying, "Oh, so you like them thick?" However, witness statements confirmed that Ms. Paz discussed the incident with them and was subjected to inappropriate conduct by you.

The investigation substantiated that you subjected Ms. Perez to inappropriate conduct and that you failed to follow established rules and regulations. Your actions created an uncomfortable work environment for Ms. Paz. Your conduct is also in direct violation of departmental policies and the Countywide Discipline Guidelines.

You are expected to adhere to all established rules and regulations of this Department and of the County. Should another incident of misconduct occur, more severe disciplinary action may be imposed upon you, including suspension or discharge.

Richard Gil
August 18, 2015
Page 2

You have the right to file a Grievance regarding this action within ten (10) days of the date of this letter.

A copy of this memo was received by me.

_____          _____8 / 18 / 15_____
Signature                                                          Date

_____          _____8/18/15_____
Witnessed By                                                    Date

CW:ln

c:  Central Personnel Folder

# Exhibit – H

SKYE PATRICK
*Library Director*



**CONFIDENTIAL**

September 2, 2020

**Sent via First Class and Certified Mail**

**Date of Hire: June 13, 2006**

Richard Gil
8447 Otis St.
South Gate, CA 90280

**NOTICE OF DISCHARGE**

Dear Mr. Gil:

You are hereby notified that you are being discharged from your permanent position of Administrative Assistant III ("AA III") at the Library's Headquarters and from County service.

In a letter dated June 15, 2020, you were informed of the LA County Library's ("Library") intent to discharge and the specific reasons thereof. You were given the specific grounds for the proposed action and the materials upon which this action is based[1]. You were also informed of your right to respond to the charges contained in the letter.

On August 19, 2020, you and your representative, Ara Vardanyan, Advocate-SEIU Local 721, met with David Hou, Departmental Human Resources Manager- Animal Care and Control, and Stacey Simpson, Dept. Civil Service Representative, to exercise your right to respond. Your response provided in the meeting was given careful consideration; however, the information provided was insufficient to cause management to alter its decision to discharge you from County service.

---

[1] This letter included multiple exhibits (A-O) which comprised the evidentiary documents used by the Library to support the basis of this action. On June 15, 2020, these exhibits were mailed to your address on record, along with the Intent to Discharge letter, as mentioned hereon.

COUNTY OF LOS ANGELES SUPERVISORS

HILDA L SOLIS
1st District

MARK RIDLEY-THOMAS
2nd District

SHEILA KUEHL
3rd District

JANICE HAHN
4th District

KATHRYN BARGER
5th District

R. Gil
Page 2 of 10

DOH: 06/13/2006

## BASIS

The basis for this action is your violation of the following Countywide and Library policies:

Library Policy 004D – Discipline:

- Section III. Responsibilities. Subsection A. All Employees. Item No. 4: Conduct themselves in a manner that avoids adverse or disruptive effects on other employees and the public.

Library Policy 001M – Handling and Reporting Incidents of Misconduct/Impropriety:

- Acts of misconduct/impropriety by employees will result in severe disciplinary action which may include discharge from County service.

You acknowledged receipt of this policy on November 30, 2017.

County of Los Angeles PPG 809- Courtesy and Respect in the Workplace, which reads in part:

The County will not tolerate any form of abusive conduct in the workplace, whether verbal or written (e.g., via e-mail, cyberbullying). This policy applies during work hours, at work-related or sponsored functions, while traveling on work-related business, and to *off-duty conduct* (emphasis added) that adversely impacts or has a job nexus to the workplace. Violation of this policy may result in discipline up to and including discharge.

Abusive conduct in the workplace can involve misapplication or misuse of authority, which undermines an employee's right to work with dignity and respect... Abusive conduct is unacceptable behavior because it breaches principles of professionalism, respect, and fairness, and it frequently represents an abuse of power or authority.

A copy of this policy was emailed to all Departmental staff, including yourself on January 3, 2018.

County of Los Angeles PPG 812- Policy of Equity, which reads in part:

Section 2 – Sexual Harassment

Sexual harassment includes unwelcome sexual advances, requests for sexual favors, and other verbal, visual or physical conduct of a sexual nature which meets any one of the following criteria:

- Submission to such conduct is made, either explicitly or implicitly, a term or condition of an individual's employment;

R. Gil
Page 3 of 10

DOH: 06/13/2006

- Submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual; or

- Such conduct has the purpose or effect of unreasonably interfering with the individual's employment or creating an intimidating, hostile, offensive, or abusive working environment.

## Section 5 – Inappropriate Conduct Towards Others

- Inappropriate conduct towards others is any physical, *verbal*, or visual *conduct based on* or because of sex, race, color, national origin... or any other *protected characteristic protected by state or federal employment law when such conduct reasonably would be considered inappropriate for the workplace*. This provision is intended to stop inappropriate conduct based on a protected status before it becomes discrimination or unlawful harassment... An isolated derogatory comment, joke, racial slur, sexual innuendo, etc., may constitute conduct that violates this policy and is grounds for discipline. *Similarly, the conduct need not be unwelcomed to the party against whom it is directed; if the conduct reasonably would be considered inappropriate by the County for the workplace, it may violate this policy (emphasis added).*

You acknowledged receipt of the County's Policy of Equity on November 30, 2017.

Additionally, this action is consistent with Civil Service Rule 18.031, which states:

> Failure of an employee to perform his or her assigned duties so as to meet fully explicitly stated or implied standards of performance may constitute adequate grounds for discharge, reduction or suspension. Where appropriate, such grounds may include, but are not limited to, qualitative as well as quantitative elements of performance, such as failure to exercise sound judgment, failure to report information accurately and completely, failure to deal effectively with the public, and failure to make productive use of human, financial and other assigned resources. Grounds for discharge, reduction or suspension may also include any behavior or pattern of behavior which negatively affects an employee's productivity, or which is unbecoming a county employee; or any behavior or condition which impairs an employee's qualifications for his or her position or for continued county employment.

Lastly, this action is in accordance with the applicable sections of the Countywide Discipline Guidelines:

- Section II. Disrespectful Conduct/Insubordination
  - Subsection B. "Failure to follow established rules or regulations."

- Section IV. Inappropriate Conduct in Violation of CPOE

R. Gil
Page 4 of 10

DOH: 06/13/2006

- o Subsection A. "Inappropriate conduct toward others based on protected characteristic(s) when such conduct reasonably would be considered inappropriate for the workplace."

- o Subsection C. "Engaging in unwelcome sexual advances, requests for sexual favors, and other verbal, visual or physical conduct of a sexual nature which meets any of the following three criteria in the County Policy of Equity:

  - Submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment
  - Submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual
  - Such conduct has the purpose or effect of unreasonably interfering with the individual's employment or creating an intimidating, hostile, offensive, or abusive working environment"

- o Section VII. **Performance to Standards and Expectations**
  - o Subsection B. "Discourtesy with fellow employees; may include, but not limited to, disrespectful, insulting, abusive language or conduct."
  - o Subsection H. "Failure to exercise sound judgment which results in loss of, or injury, or damage to persons or property of the County or of County service."

You acknowledged receipt of the Countywide Discipline Guidelines on November 30, 2017.

Each of the above-noted bases (as further described herein) warrants the discharge.

**FACTS**

July/August 2019: Ms. A[2], Library Aide, told you that she and her family were being forced to move out of their residence at that time and were desperately seeking to rent a home. You told Ms. A that you had a vacant property for rent and offered to show her the unit. On Friday, August 9, 2019, she met with you, alone, at South Gate Park (in the city of South Gate) as the property you were allegedly renting was located directly across the street from the park. Given your position as a Special Assistant to an Assistant Director, Ms. A expressed that she trusted you.

---

[2] Given the nature of the facts herein, the name of the alleging party has been abbreviated to protect her identity.

R. Gil
Page 5 of 10

DOH: 06/13/2006

According to Ms. A, after she viewed the apartment with you, you invited her to lunch at the Olive Garden restaurant in the city of Downey, CA. Ms. A explained that while at the restaurant the waiter offered her an alcoholic drink which she declined, however you "pushed" for her to "go for ... a margarita," which she ultimately accepted. Ms. A indicated that during the lunch you inquired about her sex life which made her feel uncomfortable. She made attempts to change the subject by telling you she had a boyfriend, but you persisted.

Ms. A stated that after lunch, you and she returned to the apartment in your personal vehicle so she could take pictures to show her family. Ms. A explained that as she was taking pictures you put your arms around her from behind and attempted to get her to back into you. Ms. A stated that she attempted to separate herself from you by going to a different area of the apartment, however you followed her and proceeded to force yourself upon her by:

- touching her breasts and buttocks;
- pushing her head down towards your crotch area;
- showing her your erect penis; and
- attempting to force your hand down her pants.

According to Ms. A, she made several attempts to get you to cease in your behavior. Ms. A told you repeatedly that she did not want to physically engage with you, she repeated that she had a boyfriend and didn't want to cheat and made various attempts to physically separate herself from you. Ms. A indicated that you were forcefully persistent, making her feel scared and uncertain about how to handle the situation. She stated that she reluctantly acquiesced to some of your overtures fearing what might happen if she didn't. She admitted to lying to you about being on her menstrual cycle in hopes that it may deter you from pursuing her any further.

According to Ms. A, although you appeared disgusted by her comment about her menstrual cycle, you continued trying to have physical/sexual contact with her. You again, exposed your penis, and forced her to masturbate you.

Ms. A continually asserted that she did not want to participate but feared that you may not allow her to leave if she did not. Ms. A admitted to being coerced into doing as you requested until you gave her permission to stop at her discretion. Ms. A stated that she immediately stopped stimulating your genitals, but when she did you asked her to bend over on her hands and knees (get on all fours) facing away from you, as you then pushed your genitals against her buttocks. Ms. A continued to comply as instructed in hopes that you would eventually allow her to leave but shared having been made to feel demeaned and humiliated.

According to Ms. A, immediately afterwards, she stood up and tried leaving and once again you forced your arms around her and kissed her on the cheek. Ms. A expressed again that she wanted to leave, and you responded with words to the effect of "if you help me out, I'll help you out". According to Ms. A, you stated that you normally rent the

R. Gil
Page 6 of 10

apartment for $1,900 per month but would rent it to her for $1,800. Ms. A perceived your comment to imply that if she had sex with you, you would give her the apartment with a $100 discount.[3]

**August 11, 2019:** Three days after the above described incident, you texted Ms. A the following message, "That thing we said. I was thinking with my wrong head. We good. You are an awesome woman with a good heart." Ms. A stated she assumed that the phrase "wrong head" meant the head of your penis instead of the head on your shoulders.

**August 12, 2019:** You brought to work (Library Headquarters) the keys to the abovementioned property for Ms. A to show to her family. Later that evening, Ms. A took her family to the property, and she "assumed" you would not be there. However, to her dismay, you were at the property as she and her family viewed it. On or around August 14, 2019, Ms. A returned the property's keys to you and told you that she and her family were no longer interested in renting it.

**September 18, 2019:** According to Ms. A, you walked past her desk and greeted her which she explained triggered a recollection of the events described above. Ms. A stated that prior to this, she attempted to carry on as normal as she could because her family was still "struggling and had to get out of their home" among "other issues." She stated she "was unable to process what had happened" but later that day she decided to tell her family.

**September 19, 2019:** According to Ms. A, she went to the South Gate Police Department and filed a Police Report. Ms. A also called out from work that day but arrived at Library HQ with her mother to report the incidents above to Crystal Dovalina, Administrative Services Manager II-Assistant HR Manager.

Ms. Dovalina subsequently reported Ms. A's allegations to the County's Intake Specialist Unit (CISU). In light of the allegations made against you, Susan Fowler, Departmental Human Resources Manager II, hand delivered a Notice of Reassignment to you. Per this notice, effective *September 23, 2019*, you were temporarily reassigned to the Library's Paramount Warehouse pending the outcome of an investigation.[4]

**September 23, 2019:** On September 23, 2019, Library's Human Resources Division (HRD) mailed (Certified and US regular) a Letter of Admonishment to your address of record. This notice indicated that CISU was in receipt of a County Policy of Equity (CPOE) complaint filed against you and assigned Intake# 2019-0005248. On this same day, you took a leave of absence.

**September 30, 2019:** As a result of Ms. A's filing with South Gate PD, you were arrested.

---

[3] According to Ms. A, you led her to believe that you owned the property. However, during the Court proceeding for her subsequently requested Restraining Order against you, she discovered the property belonged to an acquaintance of yours.

[4] It is standard County practice to separate parties, when practical, to protect the interest of the individuals involved as well as the integrity of the investigation.

R. Gil
Page 7 of 10

DOH: 06/13/2006

October 1, 2019: Library's HRD forwarded Ms. A's allegations to the Department of Human Resources County's Equity Investigations Unit (CEIU) for investigation[5].

October 9, 2019: Ms. A filed a Temporary Restraining Order (TRO) against you.

January 22, 2020: The County's Equity Oversight Panel (CEOP) held a briefing with Library's HRD to discuss the summary of findings reported by CEIU. At this time, the CEOP noted that you were not interviewed during the investigation. Mel Valenzuela, Deputy Compliance Officer- Investigator of Record, did not initially attempt to interview you because the Department has a standing practice of not asking its employees to participate in administrative interviews while on leave. You have been on a continuous leave since September 23, 2019. However, the CEOP recommended that Mr. Valenzuela attempt to contact you to give you an opportunity to provide a response to the allegations made against you.

February 12, 2020: Mr. Valenzuela mailed (Certified and US regular) a letter to your address of record. This letter was an invitation to meet with Mr. Valenzuela on February 24, 2020 at 10:00 AM. The letter also provided a location and Mr. Valenzuela's contact information should you have had any questions or concerns. You did not arrive to your scheduled interview and there is no record that you made any attempts to contact Mr. Valenzuela to reschedule your meeting.[6] This information was forwarded to the CEOP for consideration.

Your actions compelled management to expend a great deal of resources including relocating Ms. A. several times which disrupted the workplace, and continuously communicating with her to rearrange her work schedule for her to attend court appearances and take needed leaves of absences. Because she is a temporary part time employee this was more time consuming to arrange in an effort to avoid adversely impacting her benefits. Management spent additional time and resources assessing and addressing the negative impact of your actions on the overall operations of both the Facilities Services Division and Technical Services Division.

In conjunction with the CEOP's consideration of this matter, the Department has now decided to move forward with the termination of your employment.

IMPACT

Mr. Gil, in your capacity as an Administrative Assistant III and the Special Assistant to the Assistant Director of Capital Projects & Facilities Services, it is critical that you always exercise the utmost sound judgment when interacting with all LA County employees, both

---

[5] The LA County Library is considered a Monitored Department. This means that the Department is responsible for conducting its own Equity investigations with DHR-CEIU oversight. Given the nature of the allegations and the Department's involvement with your prior administrative matters, the Department requested that CEIU conduct the investigation.

[6] It is reasonable to assume that you also received this correspondence as it was not returned to the sender.

R. Gil
Page 8 of 10

DOH: 06/13/2006

on and off duty. You are entrusted to enforce County and departmental policies and set the standards of behavior based on those policies on and off duty as an acting representative of the Department's Executive leadership. Despite this, you misused your position with the County to gain the trust of a colleague dealing with personal challenges and abused that trust by engaging in the inexcusable conduct described herein. In addition, your off-duty conduct instigated an overwhelming concern for Ms. A that she would have to withstand ongoing contact with you in the workplace, which created an ongoing hostile and offensive working environment.

Ms. A expressed fear for her safety working in the same building as you. When she was relocated to another Library facility to an assignment involving public contact, she also expressed trepidation regarding potential exposure to you and an underlying apprehension of working in new or different environments with public exposure. Your actions forced management to spend an inordinate amount of time reassigning staff, continually communicating with Ms. A, local law enforcement, and Downey Superior Courthouse, and assessing and addressing the negative impact of your actions on the overall operations of Capital Projects & Facilities Services and Technical Services Division. Your reprehensible actions raise undeniable concerns about you serving in any position, but especially a position of trust. You have engaged in highly egregious and inexcusable behavior which has created liability for yourself, the Department, and the County. The Library does not and will not tolerate such behavior and cannot afford the risk involved in continuing your employment with the County.

Policies and procedures are developed and implemented to provide staff with guidelines necessary to ensure a safe, respectful, and professional working environment for everyone. The Library expects its employees to follow all established rules and regulations. One of the shared values of the Library and County is integrity, meaning we do the right thing by being honest, transparent, and accountable. Your behavior has endangered this value by causing multiple disruptions to the work environment and taking valuable time to address your behavior that should be focused on the communities that the County serves. Given your position with the Department as an acting representative of the Department's Executive leadership, your reprehensible behavior has the potential to erode trust in Management. Your actions described above, have caused the Library to lose confidence in your integrity, judgment, and professionalism, which are critical components to the realization of the County's vision *to enrich lives through effective and caring service*. It is for these reasons that LA County Library is discharging you from County service.

## WORK HISTORY AND PERTINENT BACKGROUND

You began your employment with the Library on March 21, 2016 as a Staff Assistant I and have served in progressively responsible capacities until promoted to your current position of Administrative Assistant III on January 23, 2018. You are assigned to the Library's Facilities Services Division and serve as the Special Assistant to Pat McGee, Assistant Director-Capital Projects & Facilities Services.

R. Gil
Page 9 of 10

DOH: 06/13/2006

According to County records, prior to this incident, you also had four (4) prior allegations of sexual harassment, dating back to 2012. All allegations made against you were substantiated by the CEOP.

During your last Performance Evaluation, you were rated as "Competent" overall.[7] However, under Work Behaviors: Section 6- Self Management, you were rated as "Improvement Needed." The comment noted states:

*During this rating period, Mr. Gil engaged in behavior that violated the County Policy of Equity, failed to follow instructions which interfered with an investigation, and failed to exercise sound judgment by engaging in personal conduct that impacted the workplace. This collective behavior demonstrated poor judgment and a lack of professionalism that negatively reflected on the Facilities Services Division and the LA County Library.*

*Also,* under Work Behaviors: Section 7- Peer, Team, and Organizational Performance, you were rated as "Improvement Needed." The comment noted states:

*During this rating period, Mr. Gil engaged in conduct that required management to spend an inordinate amount of time reassigning staff, communicating with him, and assessing and addressing the negative impact of his actions on the overall operations of the Facilities Services Division.*

Both comments are in reference to your behavior during the rating period in which you and another female colleague engaged in an intimate personal relationship and brought it into the workplace. You were alleged to have used your position of trust to force this employee to go out with you. Your collective behavior and inability to separate your work and personal life violated the CPOE as substantiated by the CEOP.

On June 18, 2019, you were put on notice as to the importance of exhibiting sound judgment and conduct becoming of a County employee through the issuance of a 10-day Suspension which is currently on appeal.

CONCLUSION

The Department is discharging you from your permanent position of AA III based on the above.

In reaching its decision to impose this action, Management considered the egregiousness of your current conduct and the fact that you have documented history demonstrating a high likelihood that your behavior will occur again to the detriment of the Department and the County. Your established pattern of grossly inappropriate behavior, both on and off duty, is a substantial liability to yourself, other staff, the Department, and the County as a whole, and therefore the Department finds it necessary to impose this action against you.

---

[7] This Performance Evaluation was mailed to your address of record both Certified and US Regular. The evaluation was not returned to sender.

R. Gil
Page 10 of 10

DOH: 06/13/2006

This letter may be amended to include additional charges, facts, and/or specific information.

## EMPLOYEE ASSISTANCE PROGRAM

To assist you in meeting your responsibilities and behaving appropriately in the workplace, you are encouraged to take advantage of services offered by the County of Los Angeles Employee Assistance Program (EAP). They offer professional help or referral services for personal and work-related issues. You may contact them at (213) 738-4200. You may use County time for your first visit; however, you must notify your supervisor prior to your appointment.

## EMPLOYEE RIGHTS

All written materials and documents upon which this action is based have already been provided to you and are available, electronically, if you need another copy.

Civil Service Rules give you the right to appeal this action and request a hearing before the Civil Service Commission within fifteen (15) business days from the date on which this letter was mailed or hand delivered to you, whichever occurred first. Your request for a hearing must be in writing, must be signed by you or your representative, and must state the ruling or action you are appealing. This letter should also include your mailing address and should describe in plain language, and in detail, sufficient facts, and reasons upon which your case is based. Your written response and your request for a hearing should be sent to the Civil Service Commission, 522 Kenneth Hahn Hall of Administration, 500 West Temple Street, Los Angeles, California 90012.

A copy of your letter should also be sent to Jacklin Injijian, Departmental HR Manager, Human Resources Development, County of Los Angeles Public Library, 7400 East Imperial Highway, Downey, California 90242.

Very Best,

Skye Patrick
County Library Director

SP:SF:ss

c:    Pat McGee, Assistant Director, Capital Projects and Facilities Services

# Exhibit – I





ALEXANDRA ARAMBULA
8635 SOMERSET BLVD. #270
PARAMOUNT, CA. 90723

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION
EDWARD R. ROYBAL FEDERAL BUILDING
AND COURTHOUSE
255 E. TEMPLE STREET
LOS ANGELES, CALIFORNIA 90012